516 S.E.2d 923

David M. PRESCOTT, Respondent,

v.

FARMERS TELEPHONE COOPERATIVE, INC., Petitioner.

No. 24948.

Supreme Court of South Carolina.

Heard April 21, 1999.

Decided June 1, 1999.

William E. Durant, Jr., and Michael M. Jordan, of Schwartz, McLeod, Durant, and Jordan, of Sumter, for petitioner.

J. Edward Bell, III, of Bell & Moore, of Sumter, for respondent.

Robert L. Widener and Richard J. Morgan, of McNair Law Firm, of Columbia, for amicus curiae South Carolina Telephone Association.

Benjamin A. Johnson and Stephen M. Cox, of Robinson, Bradshaw & Hinson, P.A., of Rock Hill, for amici curiae The South Carolina Chamber of Commerce and The South Carolina Manufacturers Alliance.

BURNETT, Justice:

The Court granted a writ of certiorari to review the decision of the Court of Appeals in *Prescott v. Farmers Tel. Coop., Inc.,* 328 S.C. 379, 491 S.E.2d 698 (Ct.App.1997) (Stilwell, J., dissenting). We reverse.

## BACKGROUND

Respondent David M. Prescott (Prescott) brought this wrongful discharge action against his former employer, Petitioner Farmers Telephone Cooperative, Inc. (FTC). Prescott alleged various causes of action, including breach of an employment agreement, breach of the implied duty of good faith and fair dealing, defamation, intentional interference with an economic relationship, and promissory estoppel. He also sought specific performance of the employment contract. The

trial court granted FTC summary judgment on all claims except defamation. Prescott appealed.

The Court of Appeals affirmed in part, reversed in part, and remanded. *Id.* In relevant part, the Court of Appeals held FTC's employment handbook did not alter Prescott's status as an at-will employee and, thereby, FTC could terminate Prescott without cause. *Id.* The Court of Appeals also held alleged oral assurances by Prescott's supervisors created a jury issue as to whether Prescott had a contract of employment with FTC requiring termination to be for cause. *Id.* The issue on the writ of certiorari concerns this second ruling.

## FACTS

In March 1972, Prescott was hired by FTC as a lineman. Over time, he was promoted. In 1992, Prescott was terminated for lying.

Thereafter, Prescott filed this lawsuit. By way of deposition, Prescott testified he received an employee handbook several months after he was hired.[1] He stated it was his understanding from the employee handbook and through discussions with three supervisors that, "[a]s long as you do your job, keep your nose clean, that you'd have a job at Farmers Telephone right on." Prescott testified he interpreted "keeping your nose clean" as "don't go out there and get into trouble and do things you're not supposed to be doing."

At the hearing on FTC's motion for summary judgment, Prescott presented his affidavit to the trial court. In this affidavit, Prescott asserted, at the time he was hired, FTC officials told him he would have a job with FTC "as long as [he did his] job, [kept his] nose clean." He stated he interpreted this to mean "that my employment would continue so long as I performed my employment duties and refrained from engaging in misconduct." Prescott further stated, during the years

---

1. According to Prescott, the 1972 handbook specifically provided employees could only be terminated for cause. Since this handbook does not appear in the Appendix, the Court will not consider the effect of the document. Rule 209(h), SCACR (appellate court will not consider any fact which does not appear in the [Appendix]); *see also Zaman v. South Carolina State Bd. of Medical Examiners,* 305 S.C. 281, 408 S.E.2d 213 (1991) (where record provides no factual basis, the Court will not consider the issue).

following his hire, supervisors reiterated the same statement.[2] According to Prescott, FTC issued a new employee manual in 1988. Even after its issuance, Prescott's supervisors told him "as long as you do your job, keep your nose clean, that you'd have a job at Farmers Telephone." According to Prescott, he was hired as an employee of definite duration who could only be terminated for cause and, over his twenty-year employment, his status was orally confirmed by supervisors, in spite of any statements to the contrary in employment manuals.

FTC denied these allegations, responding the 1988 employee handbook contained a disclaimer which stated all employees are at-will and may be terminated at any time without notice.

## ISSUE

Did the Court of Appeals err by holding the oral statement by Prescott's supervisors created a jury issue as to whether Prescott's status as an at-will employee was altered?

## DISCUSSION

■■■ South Carolina has long recognized the doctrine of employment at-will. Pursuant to this doctrine, "a contract for permanent employment, so long as it is satisfactorily performed which is not supported by any consideration other than the obligation or service to be performed on the one hand and wages to be paid on the other, is terminable at the pleasure of either party." *Shealy v. Fowler*, 182 S.C. 81, 87, 188 S.E. 499, 502 (1936). At-will employment is generally terminable by either party at any time, for any reason or for no reason at all. *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 278 S.E.2d 607 (1981), *appeal after remand*, 283 S.C. 155, 321 S.E.2d 602 (Ct.App.1984), *writ granted in part*, 285 S.C. 84, 328 S.E.2d 479, *quashed*, 287 S.C. 190, 336 S.E.2d 472 (1985); *Culler v. Blue Ridge Elec. Coop. Inc.*, 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992) (doctrine of employment at-will in its pure form allows an employer to discharge an employee for good reason, no reason, or bad reason without incurring liability). The termination of an at-will employee normally

---

2. The Appendix indicates FTC issued an employee handbook in 1979 and a document entitled "Personnel Policies" in 1988.

does not give rise to a cause of action for breach of contract. *Hudson v. Zenith Engraving Co., Inc.*, 273 S.C. 766, 259 S.E.2d 812 (1979).

Although this Court has recognized exceptions to employment at-will,[3] the doctrine remains in force in South Carolina. We find the policy of employment at-will provides necessary flexibility for the marketplace and is, ultimately, an incentive to economic development. Accordingly, we affirm and adhere to the employment at-will doctrine in South Carolina.

■ Of course, an employer and employee may choose to contractually alter the general rule of employment at-will and restrict their freedom to discharge without cause or to resign with impunity. *See Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E.2d 452 (1987) (employment at-will limited by employer's issuance of employee handbook setting forth progressive discharge procedures); *Weber v. Perry*, 201 S.C. 8, 21 S.E.2d 193 (1942) (employee is not at-will where he provides consideration in addition to the provision of services).

■ General contract law provides that a "contract exists when there is an agreement between two or more persons upon sufficient consideration either to do or not to do a particular act." *Carolina Amusement Co., Inc. v. Connecticut Nat. Life Ins. Co.*, 313 S.C. 215, 220, 437 S.E.2d 122, 125 (Ct.App.1993), *quoting Benya v. Gamble*, 282 S.C. 624, 628, 321 S.E.2d 57, 60 (Ct.App.1984). A contract may arise from oral or written words or by conduct. *Gaskins v. Blue Cross–Blue Shield of South Carolina*, 271 S.C. 101, 245 S.E.2d 598 (1978).

■ In the employment context, we have already recognized that a contract altering the at-will arrangement may arise, in part, from the oral statement of the employer. In *King v. PYA/Monarch, Inc.*, 317 S.C. 385, 453 S.E.2d 885

---

**3.** *See Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E.2d 452 (1987) (employer may not discharge employee in violation of procedures set forth in employee handbook); *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985) (an at-will employee may not be discharged in violation of a clear mandate of public policy); *Moshtaghi v. The Citadel*, 314 S.C. 316, 443 S.E.2d 915 (Ct.App.1994) (an at-will employee may not be terminated for exercising constitutional rights).

(1995), we held a written employment agreement which stated employment was at-will was modified by the issuance of a written reprimand and a supervisor's oral statement that two other warnings would be required before the employee could be terminated.[4] Applying this law and general contract principles, we hold the at-will status of an employee may be altered by an oral contract of definite employment.

In order to prove the existence of a definite contract of employment, the employee must establish all of the elements of a contract. Most employment agreements are unilateral. *Small v. Springs Industries, Inc., supra.* A unilateral contract has the following three elements: 1) a specific offer, 2) communication of the offer to the employee, and 3) performance of job duties in reliance on the offer.[5] 82 Am. Jur.2d *Wrongful Discharge* § 84 (1992).

"An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Carolina Amusement Co., Inc. v. Connecticut Nat. Life Ins. Co., supra,* at 220, 437 S.E.2d 122, S.E.2d at 125, *quoting Restatement (Second) of Contracts* § 24 (1981). "The offer identifies the bargained for exchange and creates a power of acceptance in the offeree." *Carolina Amusement Co., Inc. v. Connecticut Nat. Life Ins. Co., supra,* at 220, 437 S.E.2d 122, S.E.2d at 125, *quoting Restatement (Second) of Contracts* § 29 (1981).

"Any conduct from which a reasonable person in the offeree's position would be justified in inferring a promise in return for a requested act . . . amounts to an offer." *Carolina Amusement Co ., Inc. v. Connecticut Nat. Life Ins. Co., supra,* at 220, 437 S.E.2d 122, S.E.2d at 125, *quoting Broadway v. Jeffers,* 185 S.C. 523, 530–31, 194 S.E. 642, 645 (1938). To be

---

4. We have also recognized oral employment contracts where the employee provides consideration in addition to the provision of services. *Weber v. Perry,* 201 S.C. 8, 21 S.E.2d 193 (1942). When this occurs, the employment is no longer at-will.

5. A unilateral contract is one "in which there is a promise on one side only; the consideration on the other side being executed." *McMahon v. McMahon,* 122 S.C. 336, 340, 115 S.E. 293, 294 (1922).

binding, an offer must be definite. In addition, it must "be one which is intended of itself to create legal relations on acceptance." *McLaurin v. Hamer*, 165 S.C. 411, 420, 164 S.E. 2, 5 (1932).

■ Construing all ambiguities, conclusions, and inferences in the evidence in favor of Prescott,[6] we find Prescott failed to establish FTC made an offer to alter his at-will employment status. The alleged offer, "[a]s long as you do your job, keep your nose clean, that you'd have a job at Farmers Telephone right on" is not sufficiently explicit to constitute an offer to limit termination to just cause. We conclude a reasonable person in Prescott's position would construe the statement as praise or encouragement, or even "puffery," rather than as an offer of definite employment. Vague assurances of job security, even if repeated, do not give rise to contractual rights. *See Broussard v. Caci, Inc.–Fed.*, 780 F.2d 162 (1st Cir.1986) (representation "if [employee] did a good job he would have long-term employment" is not express undertaking to guarantee employee could be discharged only for good cause); *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213 (6th Cir.1992) (discussions concerning nursing homes for retired directors and other retirement benefits and representative's question "if [employees] wanted to receive a Cadillac every two years for the rest of their lives," were insufficient to constitute promise to alter at-will contract); *Chastain v. Kelly–Springfield Tire Co.*, 733 F.2d 1479 (11th Cir.1984) (statement by employer that "jobs was (sic) secure; that we could continue on like we had been ... [i]f we did our jobs, kept our noses clean, didn't make waves and not sell to Goodyear and Kelly accounts" was not intent to offer lifetime employment); *Rowe v. Montgomery Ward & Co.*, 437 Mich. 627, 473 N.W.2d 268, 273 (1991) (employee based just cause employment on supervisor's statement as long as you sold, you would have a job at the store; oral statements creating a contract to terminate only for cause "must be based on more than an expression of an optimistic hope of a long relationship"); *Lawson v. Boeing Co.*, 58

---

6. In ruling on motions for summary judgment, the court must construe all ambiguities, conclusions, and inferences arising from the evidence against the moving party. *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615 (1997).

Wash.App. 261, 792 P.2d 545 (1990) (repeated oral promises alleging guaranteed position so long as employee's job performance met a certain level was insufficient to create material fact of employment contract).[7]

Since Prescott failed to establish FTC offered him definite employment, he failed to establish the existence of a contract which altered his status as an at-will employee.[8] Accordingly, the Court of Appeals erred in reversing the trial judge's order granting summary judgment to FTC on Prescott's cause of action for breach of an employment agreement.

We dispose of FTC's remaining arguments pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue VIII: *Townsend v. City of Dillon*, 326 S.C. 244, 486 S.E.2d 95 (1997) (an issue not ruled upon by trial court is not preserved for appeal); *Taylor v. Medenica*, 324 S.C. 200, 479 S.E.2d 35 (1996) (a party may not argue one ground at trial and an alternate ground on appeal); *Zaman v. South Carolina State Bd. of Medical Examiners*, *supra* (record must show issue was raised to trial court); *Germain v. Nichol*, 278 S.C. 508, 299 S.E.2d 335 (1983) (appellant has burden of providing the Court with a sufficient record upon which Court can make a decision).[9]

**REVERSED.**

TOAL, Acting C.J., MOORE and WALLER, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.

---

7. We refer to these cases solely for purposes of illustration.

8. Prescott asserts the alteration of his employment status is a non-issue because he was hired as a term employee. We disagree. Since there is a presumption of at-will employment, it is necessary to consider whether an offer alters the presumption, regardless of whether the offer occurs at the initial hire or during the employment.

9. As to FTC's argument Prescott failed to appeal the trial judge's description of the oral statement as "merely vague oral remarks about job security," we find Prescott clearly presented this issue in his brief to the Court of Appeals.