THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Brenda L. Wooldridge,       
Appellant,
 
 
 

v.

 
 
 
Greenwood Mills, Inc.,       
Respondent.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-135
Submitted February 1, 2005  Filed February 
 23, 2005 

AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville, for Appellant.
Joel S. Brandon and Melegia Lee Daniels, Jr., both of Greenville, 
 for Respondent.
 
 
 

PER CURIAM:  Brenda Wooldridge appeals the 
 trial courts grant of summary judgment in favor of Greenwood Mills, Inc. in 
 her action for wrongful termination.  We affirm.1  
Facts
Wooldridge worked for Greenwood Mills from 1994 
 until June 5, 2001.  While Wooldridge was working in the early morning hours 
 of June 4, she ran out of a material called roving.  She asked her supervisor 
 Linda Rush to obtain some for her.  As she was accompanying Rush to obtain the 
 roving, Wooldridge became involved in an altercation with Sarah Tate, a fellow 
 employee, in the post alley between their jobs.  Wooldridge testified in her 
 deposition that Tate approached her, shaking her finger in Wooldridges face, 
 and accusing Wooldridge of hogging the roving.  Wooldridge told Tate, [G]et 
 your hand out of my face.  Tate continued pointing her finger at Wooldridge 
 so Wooldridge again instructed her to get her hand out of Wooldridges face.  
 Rush then told both employees to go home.  Wooldridge gathered her purse, told 
 her sister she was leaving, and left the plant.  Wooldridge acknowledged that 
 she was upset, Tate appeared angry, and they both had been speaking loudly.  
 She stated she never heard Rush tell them to stop arguing or to return to their 
 jobs.  
The next morning Wooldridge returned to the plant 
 and spoke with Frankie Wells, the spinning room supervisor, and Pierce Sullivan, 
 the human resources manager.  They informed her Rush had told them that during 
 the argument she had asked Wooldridge and Tate to return to their positions.  
 Sullivan told her he was going to investigate the matter.  He asked her to return 
 the next day.  She met with Wells and Sullivan again on June 5.  Wells told 
 her then she was being discharged for creating a disturbance in the workplace.  
 She met with Warren Moore, the vice president of Human Resources, the following 
 day.  He affirmed that her employment was terminated for creating a disturbance 
 in the workplace.  Tate was also discharged for the same reason.  
Wooldridge applied for unemployment benefits 
 and was initially disqualified.  She appealed this decision and appeared at 
 a hearing before a hearing officer of the Employment Security Commission.  Rush, 
 Sullivan, and Wells testified at the hearing for Greenwood Mills.  The hearing 
 officer held Wooldridge was disqualified from receiving benefits for thirteen 
 weeks because she was discharged for cause.  Wooldridge did not appeal this 
 ruling.
Wooldridge brought this action against 
 Greenwood Mills for wrongful termination.  She asserted Greenwood Mills acted 
 wrongfully by terminating her for exercising a legal right and terminating her 
 without adhering to its own policies and procedures.  Greenwood Mills moved 
 for summary judgment.  After a hearing, which Wooldridges counsel failed to 
 attend, the trial court granted the motion for summary judgment.  This appeal 
 followed.  
Standard of Review
The purpose of summary 
 judgment is to expedite the disposition of cases which do not require the services 
 of a fact finder.  Dawkins v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 
 438 (2003).  Summary judgment is appropriate when there is no genuine issue 
 as to any material fact and the moving party is entitled to judgment as a matter 
 of law.  Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  
 The evidence and all reasonable inferences therefrom must be viewed in the light 
 most favorable to the non-moving party.  Id.  It is well established 
 that summary judgment should be granted . . . in cases in which plain, palpable 
 and indisputable facts exist on which reasonable minds cannot differ.  Anders 
 v. S.C. Farm Bureau Mut. Ins. Co., 307 S.C. 371, 373, 415 S.E.2d 406, 407 
 (Ct. App. 1992) (quoting Main v. Corley, 281 S.C. 525, 526, 316 S.E.2d 
 406, 407 (1984)); see Bloom v. Ravoira, 339 S.C. 417, 425, 529 
 S.E.2d 710, 714 (2000) (finding where a verdict is not reasonably possible under 
 the facts presented, summary judgment is proper).  
Discussion
Wooldridge argues a genuine 
 issue of material fact exists as to whether Greenwood Mills wrongfully discharged 
 her.  We disagree.  
South Carolina recognizes 
 the doctrine of employment at will in wrongful termination actions.  Prescott 
 v. Farmers Tel. Coop., Inc., 335 S.C. 330, 334, 516 S.E.2d 923, 925 (1999).  
 Although some exceptions have been recognized, the doctrine of employment at-will 
 remains in South Carolina as a longstanding economic incentive that provides 
 the marketplace its necessary flexibility.  Id. at 335, 516 S.E.2d at 
 925.  At-will employment may be terminated by either party at any time, for 
 any reason or for no reason at all.  Id. at 334, 516 S.E.2d at 925.  
 The general rule is that termination of an at-will employee normally does not 
 give rise to a cause of action for breach of contract.  Conner v. City of 
 Forest Acres, 348 S.C. 454, 463, 560 S.E.2d 606, 610 (2002).  
However, an employer and 
 employee may choose to contractually alter the general rule of employment at-will.  
 Prescott, 335 S.C. at 335, 442 S.E.2d at 925.  A contract of employment 
 may arise from oral or written words or by conduct.  Id. at 335, 442 
 S.E.2d at 926.  An employee handbook may create such a contract. Small v. 
 Springs Indus., 292 S.C. 481, 485, 357 S.E.2d 452, 455 (1987).  The court 
 in Small explained, It is patently unjust to allow an employer to couch 
 a handbook, bulletin, or other similar material in mandatory terms and then 
 allow him to ignore these very policies as a gratuitous, nonbinding statement 
 of general policy whenever it works to his disadvantage.  Id.  
Wooldridge contends that 
 her status as more than an at-will employee is disputed.  Greenwood Mills presented 
 a copy of Wooldridges application.  On this application a disclaimer is written 
 in bold print:

I UNDERSTAND THAT THIS 
 APPLICATION AND ANY OTHER COMPANY DOCUMENTS ARE NOT CONTRACTS OF EMPLOYMENT, 
 AND ANYONE WHO IS HIRED MAY VOLUNTARILY LEAVE EMPLOYMENT, AND MAY BE TERMINATED 
 BY THE EMPLOYER AT ANY TIME FOR ANY REASON.  I UNDERSTAND THAT ANY ORAL OR WRITTEN 
 STATEMENTS TO THE CONTRARY ARE EXPRESSLY DISAVOWED AND SHOULD NOT BE RELIED 
 UPON BY ANY PROSPECTIVE OR EXISTING ASSOCIATE.  

Wooldridge testified that she understood this provision 
 when she signed her application.  She acknowledged that after she was hired, 
 no one told her anything different from the provision.  However, she also testified 
 that when she was hired, a secretary told her that employees received one write-up 
 and then would be fired if they did not follow the rules.  She could not recall 
 the secretarys name.  When asked if anyone else had told her about the write-up, 
 she stated, Your supervisor tell you on the job.  She failed to identify the 
 supervisor who gave her this information.  The trial court did not address whether 
 these statements could be construed as an oral contract of employment.  Wooldridge 
 failed to request the trial court rule on this issue in a Rule 59, SCRCP motion.  
 Accordingly, this issue is not properly before this court.  See Summer 
 v. Carpenter, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (where trial judge 
 did not rule on issue at trial and party did not make a Rule 59, SCRCP, motion 
 for a ruling, issue is not preserved for appellate review).  Furthermore, Wooldridge 
 failed to present any evidence that the unnamed secretary and supervisor had 
 authority to alter the stated policy of at-will employment found on the application.  
 The disclaimer in Wooldridges application clearly provided that any statements 
 contradictory to employment at will were disavowed.  When opposing a summary 
 judgment motion, the nonmoving party must do more than simply show that there 
 is a metaphysical doubt as to the material facts but must come forward with 
 specific facts showing that there is a genuine issue for trial. Baughman 
 v. Am. Tel. & Tel. Co., 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991).  
 We find Wooldridge failed to meet this burden.  
Wooldridge claims the handbook she received when 
 she came to work for Greenwood Mills creates a genuine issue of material fact 
 concerning her employment status.  However, she failed to produce this handbook.  
 In an affidavit, Warren Moore, the Vice President of Human Resources for Greenwood 
 Mills stated that when Wooldridge was hired in 1994, the company did not have 
 any type of employee handbook in place.  He explained the company had withdrawn 
 a prior handbook in 1988 and that handbook was no longer used by the company.  

Wooldridge furthermore failed to recall any provisions 
 of the alleged handbook that would alter her status as an at-will employee.  
 The mere existence of a handbook does not automatically create a contract of 
 employment.  See Horton v. Darby Elec. Co., 360 S.C. 58, 67, 599 
 S.E.2d 456, 460-61 (2004) (stating employers manual exemplified the appropriate 
 manner in which to give employees a guide regarding their employment without 
 altering the at-will employment relationship where the manual contained conspicuous 
 disclaimers, which the employee understood and the disciplinary procedure contained 
 permissive language and did not provide for mandatory progressive discipline).  
 In fact, Wooldridge admitted her understanding of the handbook was that if 
 you do anything wrong, you know, youll get fired.  Thus, she admitted her 
 own understanding of the handbook was that employees could be discharged without 
 any special procedures.  Thus, even if we assume Wooldridge was given an employee 
 handbook, she has failed to present any evidence to support her assertion that 
 this handbook altered her at-will status.  See Baughman, 306 S.C. 
 at 115, 410 S.E.2d at 545 (stating party opposing summary judgment must present 
 specific facts showing that there is a genuine issue for trial).  
Wooldridge next argues that even if her 
 employment was at-will, Greenwood Mills wrongfully discharged her in violation 
 of public policy.  She relies on Ludwick v. This Minute of Carolina, Inc., 
 287 S.C. 219, 337 S.E.2d 213 (1985).  In Ludwick, the supreme court adopted 
 a public policy exception to the employment at-will doctrine and held: Where 
 the retaliatory discharge of an at-will employee constitutes violation of a 
 clear mandate of public policy, a cause of action in tort for wrongful discharge 
 arises.  Id. at 225, 337 S.E.2d at 216.  This exception clearly applies 
 in cases when an employer requires an employee to violate the law or the reason 
 for the employees termination was itself a violation of criminal law.  Lawson 
 v. S.C. Dept of Corr., 340 S.C. 346, 350, 532 S.E.2d 259, 260-61 (2000).  
 In addition, an at-will employee may not be terminated for exercising a constitutional 
 right.  Moshtaghi v. The Citadel, 314 S.C. 316, 322, 443 S.E.2d 915, 
 919 (Ct. App. 1994).  Wooldridge asserts the legal right Greenwood Mills interfered 
 with was her right to tell Tate to get her hand out of her face, and her right 
 to work in an environment without getting offended, hurt, or threatened by a 
 co-worker.  Wooldridge acknowledged Tate never physically harmed her or threatened 
 her with a violent act.  She also admitted her own voice was loud during the 
 altercation.  Wooldridge failed to present any law to the trial court or this 
 court that she had a right to tell Tate to get her hand out of her face so 
 that Greenwood Mills discharge of her based on her participation in the altercation 
 with Tate was a violation of public policy.  Accordingly, we find the trial 
 court did not err in granting Greenwood Mills summary judgment on this issue.  

Conclusion
We hold Wooldridge has failed to establish 
 a genuine issue of material fact that her employment with Greenwood Mills was 
 other than at-will.  We furthermore hold she has failed to establish her discharge 
 was in violation of public policy.  Accordingly, the trial courts grant of 
 summary judgment on her claim for wrongful discharge is 
 AFFIRMED.
 GOOLSBY, HUFF, and STILWELL, JJ., concur.  
 

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.