THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 James D. Willis, Respondent,
 
 
 

v.

 
 
 
 City of Aiken, Petitioner.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From Aiken County
 Rodney A. Peeples, Circuit Court Judge

Memorandum Opinion No. 2005-MO-029
Heard January 5, 2005  Filed June 20, 2005

AFFIRMED

 
 
 
 Charles Franklin Thompson, Jr., of Malone & Thompson, LLC, of Columbia, for Petitioner.
 J. Charles Ormond, Jr., of Holler, Dennis, Corbett, Ormond & Garner, of Columbia, for Respondent.
 
 
 

JUSTICE PLEICONES:  We granted a writ of certiorari to review Willis v. Aiken, Op. No. 2003-UP-489 (S.C. Ct. App. filed August 20, 2003), in which the Court of Appeals reversed the circuit courts grant of summary judgment to Petitioner City of Aiken.  While we disagree with the basis of the Court of Appeals opinion, we affirm its result.
The Court of Appeals held that the language of the Department Manual is arguably mandatory with respect to disciplinary procedures.  The court therefore held that there is a genuine issue of material fact whether the at-will status of Williss employment was altered.  We disagree.  Looking solely at the City Handbook and the Department Manual, no issue of material fact is present.  
However, Willis has introduced evidence that his supervisors orally represented that the disciplinary procedures in the Department Manual were mandatory.  Willis has also introduced evidence that he was generally aware of the procedures to which his supervisors were referring.  This evidence raises genuine issues of material fact that render summary judgment inappropriate.  See Prescott v. Farmers Tel. Coop., 335 S.C. 330, 335-36, 516 S.E.2d 923, 926 (1999) (an oral representation can constitute an offer to alter at-will employment); Small v. Springs Indus., Inc., 292 S.C. 481, 484-85, 357 S.E.2d 452, 454-55 (1987) (an oral representation that certain policies will be followed prior to termination may constitute an offer to alter at-will employment).
AFFIRMED.
WALLER and BURNETT, concur.  TOAL, C.J., dissenting in a separate opinion in which MOORE, J., concurs.

Chief Justice Toal:  I respectfully dissent.  In my opinion, the department policy manual did not alter Respondents at-will employment status because Respondent did not rely upon the provisions of the manual related to the disciplinary procedure.  Therefore, I would reverse the decision of the court of appeals and affirm the trial courts order granting summary judgment for the City of Aiken.
It is well settled that even with the existence of a disclaimer in an employee handbook, other evidence or statements may alter an otherwise at-will employment status.  See Small v. Springs Indus., Inc., 292 S.C. 481, 484-85, 357 S.E.2d 452, 454-455 (1987) (holding that oral assurance from a supervisor that certain policies would be followed prior to termination may create a contract altering an at-will agreement).  However, in order to alter the employees at-will status and create a unilateral contract, the employee must rely upon the employers additional assurances.  See id. at 484-85, 357 S.E.2d at 454 (stating that action in forbearance in reliance on employers promise was sufficient consideration to make the promise binding).
In the present case, the City of Aiken issued a handbook that contained conspicuous disclaimer stating that the handbook was not a contract.  In addition, the City issued a department policy manual, which provided that employees must adhere to specific guidelines, but did not contain a disclaimer.
Respondent argues that the policy manual altered his at-will employment status.  But Respondent presented no evidence that he actually relied upon the language in the manual.  In my view, therefore, there is no question of fact as to whether Respondents at-will status was changed.  As a result, I would reverse the court of appeals decision.