THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William V.
 Sheppard, Appellant,
 v
 The LPA Group,
 Inc., Respondent.
 
 
 

Appeal From Richland County
James R. Barber, III, Circuit Court Judge
Unpublished Opinion No.   2011-UP-075
Submitted February 1, 2011  Filed
 February 23, 2011
AFFIRMED

 
 
 
 Chalmers C. Johnson, of Tacoma, Washington, for Appellant.
 Susan P. McWilliams and Jennifer S. Cluverius, both of Columbia,
 for Respondent.
 
 
 

PER CURIAM: William V. Sheppard appeals a circuit court's grant of
 summary judgment to The LPA Group, Inc. (LPA) in Sheppard's action for wrongful
 discharge.  We affirm.[1]
Under Rule 56(c)
 of the South Carolina Rules of Civil Procedure, "[s]ummary judgment is
 appropriate where there is no genuine issue of material fact and it is clear
 the moving party is entitled to a judgment as a matter of law."  Hancock
 v. Mid-South Mgmt. Co., Inc., 381 S.C. 326, 329, 673
 S.E.2d 801, 802 (2009) (citation omitted).  "In determining whether any
 triable issues of fact exist, the evidence and all inferences which can be
 reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving
 party."  Id. at 329-30, 673
 S.E.2d at 802.  
Sheppard
 argues the circuit court erred in granting summary judgment to LPA because a
 genuine issue of material fact existed whether LPA's employment handbook (the
 Handbook) and oral explanation for Sheppard's termination altered his at-will
 employment status such that LPA breached an employment contract when it fired
 him for cause.  We disagree.  An at-will employee can
 be fired "at any time, for any reason or for no reason at all.  The
 termination of an at-will employee normally does not give rise to cause of
 action for breach of contract."  Small v. Springs Indus. Inc., 300
 S.C. 481, 484, 388 S.E.2d 808, 810 (1990) (citations omitted).  However, an
 employer's oral statement may alter an employee's at-will status if the
 statement is "an oral contract of definite employment."  Prescott
 v. Farmers Tel. Co-op., Inc.,  335 S.C. 330, 336, 516 S.E.2d 923, 926
 (1999).  This oral contract requires three elements: "1) a specific offer,
 2) communication of the offer to the employee, and 3) performance of job duties
 in reliance on the offer."  Id. (citation omitted)  Moreover,
 certain handbook provisions may constitute promises that alter an employee's
 at-will status, and these provisions may include mandatory, progressive
 discipline procedures and general policy statements.  Connor v. City of
 Forest Acres, 348 S.C. 454, 463, 560 S.E.2d 606, 611 (2002).  An employer's general
 policy statements are enforceable as promises if "definitive in nature,
 promising specific treatment in specific situations."  Hessenthaler v.
 Tri-County Sister Help, Inc., 365 S.C. 101, 110, 616 S.E.2d 694, 699 (2005). 
 If a handbook contains promissory language but the employer does not wish to
 alter an employee's at-will status, "the employer must insert a
 conspicuous disclaimer into the handbook."  Grant v. Mount
 Vernon Mills, Inc., 370 S.C. 138, 149-50, 634 S.E.2d 15, 21 (Ct. App. 2006)
 (citation omitted).  "[A] disclaimer appearing
 in bold, capitalized letters, in a prominent position, is conspicuous" as a matter of law.  Hessenthaler,
 365 S.C. at 108, 616 S.E.2d at 697 (citation omitted). 
Here, neither the oral
 statements nor the Handbook altered Sheppard's at-will status.  First, LPA's
 oral explanation for Sheppard's termination did not constitute an offer made in
 exchange for Sheppard's performance of his job duties.  Second, the Handbook
 did not contain promissory language.  Sheppard conceded the Handbook did not
 contain any mandatory, progressive discipline procedures, and the Handbook's
 general policy statements entitled "Behavior of Employees" and "Disciplinary
 Procedures" simply provided possible reasons for discipline.  Furthermore,
 the Handbook contained a provision constituting an unambiguous, conspicuous disclaimer. 
 That provision's language clearly denied the Handbook altered Sheppard's
 at-will status, and the provision was capitalized, set off with a border, and
 placed on the page before the Handbook's table of contents.  Moreover, the
 provision's title, "Notice," was fully capitalized, underlined, and
 bolded.  
Sheppard
 also argues a genuine issue of material fact exists whether LPA breached a
 covenant of good faith and fair dealing by firing Sheppard for cause.  We
 disagree.  The covenant of good faith and fair dealing does not apply to a
 relationship between an employer and an at-will employee.  Williams v.
 Riedman, 339 S.C. 251, 274, 529 S.E.2d 28, 40 (Ct. App. 2000) (citations
 omitted).  Accordingly, the circuit court properly granted LPA summary
 judgment on Sheppard's claim for wrongful discharge.
AFFIRMED.
WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.