THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals 

 
 
 
 Joel Greene, Appellant,
 
 
 

v.

 
 
 
 Cherokee County
 School District, Respondent.
 
 
 

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-391
 Submitted August 1, 2011  Filed August
16, 2011

AFFIRMED

 
 
 
 Lovic A. Brooks, III, of Columbia, for
 Appellant.
 Andrea Eaton White and Kiosha A. Hammond,
 both of Columbia, for Respondent. 
 
 
 

PER CURIAM:  Joel
 Greene appeals the trial court's order granting Cherokee County School District's
 (the School District) motions for summary judgment on his claims for breach of
 contract and breach of implied contract.  On appeal, Greene argues the trial
 court erred in finding no genuine issues
 of material fact existed regarding whether:
 (1) a prior settlement agreement was ambiguous concerning whether the parties
 agreed to not consider Greene's prior disciplinary record in future
 disciplinary proceedings, and (2) a personnel memorandum issued by the School
 District in 1997 created an implied employment contract.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1.  As to whether the
 trial court erred in granting summary judgment on Greene's breach of contract claim: Rule 56(c), SCRCP (providing that
 summary judgment is appropriate and "the moving
 party is entitled to a judgment as a matter of law" when "the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact"); Pee Dee Stores, Inc. v.
 Doyle, 381 S.C. 234, 241-42, 672 S.E.2d 799, 803 (Ct. App. 2009) ("General
 contract principles are applied in the construction of a settlement agreement because . . . a settlement agreement is a contract.  Summary judgment is not
 appropriate if a contract is ambiguous.
  Thus, the initial determination for a court seeking to ascertain whether a
 grant of summary judgment based on a settlement agreement's interpretation is proper is whether the
 agreement is ambiguous."); Id. at 242, 672 S.E.2d at 803 (noting
 an ambiguity arises when the terms of the contract are reasonably susceptible
 to more than one interpretation); Columbia East Assocs. v. Bi-Lo, Inc., 299
 S.C. 515, 520-21, 386 S.E.2d 259, 262 (Ct. App. 1989) (noting when an
 agreement is silent on an issue, courts may turn to extrinsic evidence to
 discern the parties' intentions).
2.  As to whether the
 trial court erred in granting summary judgment on Greene's breach of implied contract claim: Rule
 56(c), SCRCP (providing that summary judgment is appropriate and "the moving party is entitled to a judgment as a
 matter of law" when "the pleadings,
 depositions, answers to interrogatories, and admissions on file, together with
 the affidavits, if any, show that there is no genuine issue as to any material
 fact"); Grant v. Mount Vernon Mills, Inc., 370 S.C.
 138, 145-46, 634 S.E.2d 15, 19 (Ct. App. 2006) ("South Carolina has long
 recognized the doctrine of employment at-will.  This doctrine allows either
 party to terminate the employment for any reason or no reason without being
 subject to a claim for breach of contract . . . .") (citations and internal
 quotation marks omitted); Nelson v. Charleston Cnty. Parks & Recreaction
 Comm'n, 362 S.C. 1, 6-7, 605 S.E.2d 744, 746-47 (Ct. App. 2004)
 (noting one exception to the at-will employment doctrine occurs when an
 employer creates an implied contract with the employee by contractually altering the at-will
 relationship); Prescott v. Farmers
 Telephone Coop., 335 S.C. 330, 336,
 516 S.E.2d 923, 926 (1999) (providing the elements of a contract are as
 follows: "1) a specific offer, 2) communication of the offer to the
 employee, and 3) performance of job duties in reliance on the offer"); Id. at 336-37, 516 S.E.2d at 926 ("To be binding,
 an offer must be definite.").
AFFIRMED.
SHORT, WILLIAMS,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.