482 S.E.2d 554

SOIL REMEDIATION COMPANY and Yadkin
Brick Company, Inc., Respondents,

v.

NU–WAY ENVIRONMENTAL, INC.,
Defendant/Third–Party Plaintiff,

v.

CAROLINA EASTMAN DIVISION, A DIVISION OF
EASTMAN KODAK COMPANY, and Yeargin,
Inc., Third–Party Defendants,

Of whom Carolina Eastman Division, a Division
of Eastman Kodak Company, is Appellant.

No. 24574.

Supreme Court of South Carolina.

Heard Dec. 5, 1996.
Decided Feb. 10, 1997.
Rehearing Denied March 21, 1997.

Robert Y. Knowlton and Deborah P. Morgan, both of Sinkler & Boyd, P.A., Columbia, for appellant.

William L. Pope and Roy F. Laney, both of Pope & Rodgers, Columbia, for respondent Soil Remediation Company.

George A. Kastanes, Lexington, for respondent Yadkin Brick Company, Inc.

Russel T. Burke, of Nexsen, Pruet, Jacobs & Pollard, Columbia, for defendant/third-party plaintiff Nu–Way Environmental, Inc.

Stephen E. Hudson, of Kilpatrick & Cody, Atlanta, Georgia, for third-party defendant Yeargin, Inc.

MOORE, Justice:

This appeal involves the sole issue whether the trial judge properly granted partial summary judgment regarding liability for breach of contract and indemnification. We reverse.

### FACTS

Appellant Carolina Eastman Division (Owner) hired Nu–Way Environmental, Inc., (Engineer) to remove petroleum-contaminated sludge from Owner's Dowtherm Basin, a concrete basin that holds run-off from the floor drains in Owner's facility. Engineer contracted with respondent Soil Remediation Company (SRC) to dispose of the sludge. SRC then arranged with respondent Yadkin Brick Company (Yadkin) for delivery of Owner's sludge to Yadkin's brick facility to be used in making bricks.

After removal and delivery of Owner's sludge was underway, Yadkin advised it would no longer accept the sludge from

Owner's facility because of its odor. Meanwhile, Yadkin mixed Owner's sludge with other materials in an attempt to mask the smell. Eventually, it was discovered that Owner's sludge was contaminated with Dowtherm, a heat transfer liquid, which had contaminated the entire batch of materials Yadkin had mixed it with.

SRC and Yadkin commenced this action against Engineer alleging several causes of action, including breach of contract, and damages arising from the cost of disposing of the Dowtherm contaminated materials. Engineer impleaded Owner as a third-party defendant. The trial judge granted SRC and Yadkin partial summary judgment on the issues of liability for breach of contract and indemnification under the contract between SRC and Engineer. The issue of damages was reserved for trial. Owner appeals.

## DISCUSSION

The trial judge granted SRC and Yadkin partial summary judgment on the ground Engineer breached its contract with SRC by failing to disclose that Owner's sludge was contaminated with Dowtherm. Owner contends this was error because a genuine issue of material fact exists regarding the construction of the contract. We agree.

The contract between SRC and Engineer includes the following warranty provision:

2. Owner and Engineer warrant that sufficient testing has been conducted on the material described in this Agreement and that such material contains no *hazardous substance under U.S.E.P.A. Section 3301 of the Resource Conservation and Recovery Act.*

Another document that is part of the contract is a form completed and signed by Engineer. It includes the following disclosure requests:

General Directions: In order to determine whether we can properly and safely handle and treat your PCS material, we must obtain information about the chemical and physical properties of the waste. Please be complete in your answers....

5) Type of Contamination (Gasoline, jet fuel, diesel, other): *(fuel oil # 6 ) (virgin material ).*

9) Is this soil a *"Hazardous Waste" as defined by Regulation of the U.S.E.P.A. pursuant to Section 3001 of the Resource Conservation and Recovery Act* (See 40 CFR, Part 261 for definition) Yes _____ No __x__

The following certification provision is also part of the contract:

> I hereby certify that the above attached description is complete and accurate to the best of my knowledge and ability to determine, that no deliberate or willful omissions of composition of properties exist and *all known or suspected hazards have been disclosed.*

(Emphasis added). The issue is whether Engineer breached these provisions as a matter of law by failing to disclose the Dowtherm contamination.

It is undisputed Dowtherm is not defined as "hazardous" in the regulations promulgated under the Resource Conservation and Recovery Act, the regulations specified in the contract. It is, however, considered a "health hazard" under different federal regulations promulgated under the Superfund Amendment and Reauthorization Act. The question then becomes whether Engineer breached the certification provision that "all known or suspected *hazards* have been disclosed."

 Here, the warranty provision and disclosure requests contained in the contract refer to "hazardous" as defined under specific regulations. The certification provision, however, contains an unqualified reference to "hazards." Accordingly, the contract may or may not require disclosure of a substance that is not a hazard under the specified regulations but may be otherwise considered a hazard. Although as a general rule contracts are to be construed by the court, where a contract is capable of more than one construction, the question of what the parties intended becomes one of fact to be submitted to jury. *Cafe Assoc. Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E.2d 162 (1991); *see also Gilliland v. Elmwood Properties,* 301 S.C. 295, 391 S.E.2d 577 (1990). Since the contract is capable of more than one construction, summary judgment was improperly granted.

**REVERSED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.