672 S.E.2d 799

**PEE DEE STORES, INC., Plaintiff,**

**v.**

**Carolyn H. DOYLE, d/b/a Pee Dee Farms Company,
and Billy W. Huggins, individually and d/b/a
Huggins Farm Service, Inc., Defendants,**

**of Whom Carolyn H. Doyle, d/b/a Pee Dee Farms Company, and
Billy W. Huggins, individually and d/b/a Huggins Farm
Service, Inc. are the, Third–Party Plaintiffs,**

**v.**

**Helena Chemical Company, Third–Party Defendant.**

**Pee Dee Stores, Inc., Plaintiff,**

**v.**

**Carolyn H. Doyle, d/b/a Pee Dee Farms Company, Defendant,
of Whom Carolyn H. Doyle, d/b/a Pee Dee Farms
Company is the, Third–Party Plaintiff,**

**v.**

**Helena Chemical Company, Third–Party Defendant,**

**of Whom Carolyn H. Doyle, d/b/a Pee Dee Farms Company,
and Billy W. Huggins, individually and d/b/a Huggins
Farm Service, Inc. are the Appellants**

**and**

**Pee Dee Stores, Inc., and Helena Chemical
Company are the Respondents.**

**No. 4467.**

Court of Appeals of South Carolina.

Submitted Oct. 8, 2008.

Decided Dec. 12, 2008.

Withdrawn, Substituted, and Refiled Jan. 29, 2009.

Amanda A. Bailey, Esquire, and Henrietta U. Golding, Esquire, of Myrtle Beach, for Appellant.

Douglas M. Zayicek, Esquire, of Myrtle Beach, for Respondent.

GEATHERS, J.

Appellant Billy W. Huggins, d/b/a Huggins Farm Service (Huggins), seeks review of an order granting Pee Dee Stores, Inc.'s (Pee Dee Stores) summary judgment motion and motion to compel settlement based on a Settlement Agreement. Huggins asserts that the Settlement Agreement was intended to resolve only the landlord/tenant claims and that his civil

conspiracy and unfair trade practices claims against both Pee Dee Stores and Third–Party Defendant Helena Chemical Company (Helena) survived the Settlement Agreement. As such, Huggins alleges that summary judgment was improper because a genuine issue of material fact exists as to whether the parties to the Settlement Agreement intended to extinguish Huggins' claims against Pee Dee Stores and Helena. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Pee Dee Stores and Paul E. Doyle, deceased husband of Defendant Carolyn Doyle,[1] d/b/a Pee Dee Farms Company (Doyle), entered into a five-year commercial lease agreement that commenced on March 1, 2000 and was to terminate on February 28, 2005. Doyle used the leased premises to operate a convenience store, gas station, and farm supply retail store. The lease agreement afforded Doyle an option to renew the lease by providing written notice to Pee Dee Stores by December 1, 2004. During the lease term, and pursuant to an agreement with Doyle in late 2003, Huggins began selling farm supplies out of the leased premises in his capacity as a commissioned agent for Helena.[2]

Prior to the termination of the lease, Pee Dee Stores represented to Doyle that the lease term would be extended to allow Doyle until December 1, 2005 to consider the option to renew. In addition, Helena represented to Huggins that it intended to purchase Huggins' farm supply business with all of the attached goodwill. At that time, Huggins, Doyle, and Helena began negotiations. Subsequently, and prior to the December 1, 2005 deadline, Doyle notified Pee Dee Stores in writing of her intention to exercise the option to renew the lease. Pee Dee Stores informed Doyle that she could not exercise the option to renew and asked her to vacate the store.

Pee Dee Stores filed an ejectment action against Doyle in magistrate court, asserting a violation of the lease as well as

---

1. Carolyn Doyle succeeded to Paul E. Doyle's rights under the lease after his death.

2. Huggins was not a party to the lease agreement.

its expiration as grounds for ejectment.[3]  Doyle answered the complaint by denying the material allegations and sought a declaratory judgment that she was the legal tenant under the lease and had properly exercised the option to renew.  In addition, Pee Dee Stores later filed a separate action for breach of contract against Doyle and Huggins.  The complaint also alleged interference with contractual relations and fraud, among other claims.

In response to both the ejectment and breach of contract actions, Doyle and Huggins counterclaimed against Pee Dee Stores seeking monetary damages for issues related to the landlord/tenant relationship.  Further, the parties asserted in a Third–Party Complaint against Helena causes of action for negligent misrepresentation, unfair trade practices, civil conspiracy, promissory estoppel, interference with a contract, and interference with a prospective contract.  These causes of action were based upon an alleged conspiracy between Helena and Pee Dee Stores to oust Doyle and Huggins from the property in order to enable Helena to rent the leased premises and take over both parties' business goodwill without compensation.

Subsequently, Doyle and Huggins brought a motion to consolidate the ejectment and breach of contract actions.  The trial court denied the motion to consolidate, ordering the parties to resolve the issues related to the ejectment action first, after which discovery and trial of the remaining issues would occur.

While both actions were pending, Pee Dee Stores, Doyle, and Huggins entered into a Settlement Agreement, which was subtitled as "Relating Only to All Landlord/Tenant Issues." The record does not indicate which party drafted the Settlement Agreement.  All three parties signed the Settlement Agreement.  The pertinent provisions of the Settlement Agreement are as follows:

7.  The parties shall forever release each other from all claims and/or issues, whenever arising, with each agreeing they will never sue or involve each other in any litigation involving the premises, the store, any business on the premises, and/or the relationship between the Parties, as

---

3.  This action was subsequently transferred to trial court.

follows: (1) the Parties agree this is a full and complete release of all claims known and unknown, between Pee Dee Stores, Inc. and Carolyn Doyle, d/b/a Pee Dee Farms Company; and (2) the Parties agree this is a full and complete release of all landlord/tenant claims and issues, known or unknown, between the Parties.

8. Nothing in this agreement shall be construed as in any way effecting [sic] the rights of Billy W. Huggins and/or Huggins Farm Service, Inc. to assert claims against Helena Chemical Company. Nothing in this agreement shall be construed as in any way effecting [sic] the rights of Billy W. Huggins and/or Huggins Farm Service, Inc. to assert claims against Pee Dee Stores, Inc. for claims other than the landlord/tenant claims. Nothing herein shall be construed as a relinquishment, waiver, discharge or release of any claims by Billy W. Huggins and/or Huggins Farm Services, Inc. against Pee Dee Stores, Inc., for any claims other than the landlord/tenant claims.

. . .

10. Pee Dee Stores, Inc. and Carolyn Doyle d/b/a Pee Dee Farms Company agree to dismiss all claims against each other, with prejudice, and Pee Dee Stores, Inc. and Billy W. Huggins, individually and Huggins Farm Service, Inc., agree to dismiss only the landlord/tenant claims with prejudice.

(emphasis added).

Pee Dee Stores later moved to enforce the Settlement Agreement. Subsequently, Doyle and Huggins moved to amend their pleadings to remove all of the landlord/tenant claims against Pee Dee Stores that were resolved by the Settlement Agreement, including the declaratory judgment, breach of lease, and negligent misrepresentation claims. Huggins proposed to leave intact the civil conspiracy and unfair trade practices claims against Pee Dee Stores and Helena. Pee Dee Stores also moved to amend its pleadings to reflect the Settlement Agreement and moved for summary judgment.

At the hearing on the various motions, counsel for Pee Dee Stores, Doyle, and Huggins acknowledged that settlement was reached regarding the ejectment action and that the terms

were set forth in the Settlement Agreement. The trial court granted Pee Dee Stores' motion to compel settlement and summary judgment motion, finding the pleadings indicated that all allegations involved landlord/tenant claims and issues "involving the premises, the store, any business on the premises, and/or the relationship between the Parties[,]" and as such were resolved by the Settlement Agreement. Huggins now appeals.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this Court applies the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Helms Realty, Inc. v. Gibson–Wall Co.*, 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005) (when reviewing the grant of a summary judgment motion, the appellate court applies the same standard of review as the trial court). Summary judgment should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ. *Ellis v. Davidson*, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct.App.2004). However, summary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of law. *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997).

In determining whether any triable issues of fact exist, the evidence and all inferences must be viewed in the light most favorable to the non-moving party. *Jones v. State Farm Mut. Auto. Ins. Co.*, 364 S.C. 222, 227, 612 S.E.2d 719, 722 (Ct.App. 2005). Thus, the appellate court reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party. *Willis v. Wu*, 362 S.C. 146, 151, 607 S.E.2d 63, 65 (2004). If evidentiary facts are not disputed, but the conclusions or inferences to be drawn from them are, summary judgment should be denied. *Baugus v. Wessinger*, 303 S.C. 412, 415, 401 S.E.2d 169, 171 (1991). Further, "[t]he purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder." *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001) (internal citations omitted).

■ Summary judgment is improper when there is an issue as to the construction of a written contract and the contract is ambiguous because the intent of the parties cannot be gathered from the four corners of the instrument. *Gilliland v. Elmwood Prop.*, 301 S.C. 295, 299, 391 S.E.2d 577, 579 (1990) (internal citations omitted); *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct.App.2007); *Bishop v. Benson*, 297 S.C. 14, 17, 374 S.E.2d 517, 518–19 (Ct.App.1988). The court is without authority to consider parties' secret intentions, and therefore words cannot be read into a contract to impart an intent unexpressed when the contract was executed. *Blakeley v. Rabon*, 266 S.C. 68, 73, 221 S.E.2d 767, 769 (1976). Construction of an ambiguous contract is a question of fact to be decided by the trier of fact. *Soil Remediation Co. v. Nu–Way Envtl., Inc.*, 325 S.C. 231, 234, 482 S.E.2d 554, 555 (1997); *Lacke v. Lacke*, 362 S.C. 302, 309, 608 S.E.2d 147, 150 (Ct.App.2005).

## LAW/ANALYSIS

Huggins asserts the trial court erred in granting Pee Dee Stores' summary judgment motion and motion to compel settlement because a genuine issue of material fact exists as to whether the parties to the Settlement Agreement intended to dismiss Huggins' unfair trade practices and civil conspiracy claims against Helena and Pee Dee Stores. We agree.

### A. Settlement Agreement Viewed as a Contract

■ In South Carolina jurisprudence, settlement agreements are viewed as contracts. *Harris–Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 177, 557 S.E.2d 708, 711 (Ct.App. 2001); *see also Pruitt v. South Carolina Med. Malpractice Liab. Joint Underwriting Ass'n*, 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001) (enforcement of the terms of a settlement agreement is a matter of contract law); *Ecclesiastes Prod. Ministries v. Outparcel Assoc., LLC*, 374 S.C. 483, 497, 649 S.E.2d 494, 501 (Ct.App.2007) (a release agreement is a contract and contract principles of law should be used to determine what the parties intended); *Mattox v. Cassady*, 289 S.C. 57, 61, 344 S.E.2d 620, 622 (Ct.App.1986) (applying the general rules of contract construction to a settlement agreement).

■ General contract principles are applied in the construction of a settlement agreement because, as stated above,

a settlement agreement is a contract. Summary judgment is not appropriate if a contract is ambiguous. Thus, the initial determination for a court seeking to ascertain whether a grant of summary judgment based on a settlement agreement's interpretation is proper is whether the agreement is ambiguous. *See Soil Remediation Co. v. Nu–Way Envtl., Inc.,* 325 S.C. at 234, 482 S.E.2d at 555.

## B. Ambiguity in a Contract

Whether the language of a contract is ambiguous is a question of law for the court. *Auten v. Snipes,* 370 S.C. 664, 669, 636 S.E.2d 644, 646 (Ct.App.2006). A contract is ambiguous when the terms of the contract are reasonably susceptible to more than one interpretation. *South Carolina Dept. of Natural Res. v. Town of McClellanville,* 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001); *Davis v. Davis,* 372 S.C. 64, 76, 641 S.E.2d 446, 452 (Ct.App.2006). The uncertainty in interpretation can arise from the words of the instrument, or in the application of the words to the object they describe. *Hann v. Carolina Cas. Inc. Co.,* 252 S.C. 518, 524, 167 S.E.2d 420, 422 (1969). Whether a contract is ambiguous must be determined from the entire contract and not from any isolated clause of the agreement. *Farr v. Duke Power Co.,* 265 S.C. 356, 362, 218 S.E.2d 431, 433 (1975).

In the matter presently before the Court, an ambiguity exists in the Settlement Agreement regarding the definition and scope of "landlord/tenant claims." The term "landlord/tenant claims" is reasonably susceptible to more than one interpretation, and therefore, summary judgment was inappropriate.

The trial court based its summary judgment ruling on the conclusion that all allegations in both the ejectment and breach of contract actions involved landlord/tenant claims, and issues "involving the premises, the store, any business on the premises, and/or the relationship between the Parties[,]" and as such were resolved by the Settlement Agreement. This constituted error because there was a genuine issue of material fact as to the meaning and scope of "landlord/tenant claims," and the parties' intentions as to which claims survived the Settlement Agreement differed, thus precluding summary judgment in favor of Pee Dee Stores.

The language of the Settlement Agreement is clear that all landlord/tenant claims were to be resolved by the Settlement Agreement. In fact, the title of the Agreement itself evinces the intent to resolve only all landlord/tenant issues. It reads in relevant part: "Relating Only to All Landlord/Tenant Issues." Paragraphs 7 and 10 of the Settlement Agreement state that the parties agree to dismiss with prejudice all litigation involving the premises, store, any business on the premises, and/or the relationship between the parties, including all claims between Pee Dee Stores and Doyle, and all landlord/tenant issues between all parties. These provisions clearly resolved the claims between Doyle and Huggins and Pee Dee Stores in the ejectment action, as well as all of the claims against Doyle and counterclaims by Doyle in the breach of contract case. This was the basis for Doyle and Huggins' motion to amend their pleadings.

However, the language of the Settlement Agreement does not provide a definition of "landlord/tenant claims." This phrase is not a legal term of art; rather, it is shorthand for the parties' conceptualization of the claims that should be labeled as "landlord-tenant." Therefore, the Settlement Agreement is ambiguous as to the scope and application of "landlord/tenant claims." It is unclear whether the parties intended that the Settlement Agreement resolve Huggins' civil conspiracy and unfair trade practices claims against Pee Dee Stores and Helena because it is uncertain whether "landlord/tenant claims" includes civil conspiracy and unfair trade practices claims. Reasonable minds can certainly differ as to the meaning of "landlord/tenant claims."

The language of the Settlement Agreement does not support the trial court's conclusion that **all** of Huggins' claims were extinguished. That construction is implausible, particularly because it would nullify Paragraph 8 of the Settlement Agreement, which clearly sought to exclude some of Huggins' claims from the ambit of the Settlement Agreement. The language of Paragraph 8 unequivocally states that the parties agreed that Huggins never intended to relinquish all of his claims against Pee Dee Stores and Helena and, in fact, clearly excludes Huggins' **non**-landlord/tenant claims from resolution by the Settlement Agreement. It is highly unlikely that the language of Paragraph 8 was included in the Agreement but yet meant to have no effect. The parties must have intended

that non-landlord/tenant claims survive the Settlement Agreement. Had it been the parties' intention to extinguish all claims by Huggins, the Settlement Agreement could have simply done so, instead of expressly carving out specific exceptions in Paragraphs 7, 8, and 10 to exclude Huggins' non-landlord/tenant claims. The language of the Settlement Agreement does not indicate that it was the parties' intention to resolve all claims.

Further, Pee Dee Stores' various statements concerning its own interpretation of the Settlement Agreement are inconsistent and improbable, again demonstrating that there was a genuine issue of material fact that rendered summary judgment improper. Pee Dee Stores contends that the "and/or [ ] relationship between the parties" language of Paragraph 7 was intended to be broadly interpreted to waive all claims relating to the relationship between the parties, including the civil conspiracy and unfair trade practices claims. Yet, elsewhere in its brief Pee Dee Stores states:

> [Huggins and Doyle] also allege the Settlement Agreement is ambiguous because Huggins only agreed to dismiss with prejudice the landlord/tenant claims and issues, and thus reserved the right to sue [Pee Dee Stores] for other things. That is partially correct—the Settlement Agreement certainly does not apply, for example, to any open accounts [Pee Dee Stores] may have with Appellant Huggins, etc. However, Huggins clearly and unambiguously resolved with prejudice all landlord/tenant claims and issues, defined in the Settlement Agreement as "any litigation involving the premises, the store, any business on the premises, and/or the relationship between the Parties."

Contrary to its assertion above, Pee Dee Stores' broad interpretation of the Settlement Agreement would also preclude Huggins from litigating any open accounts with Pee Dee Stores, as these open accounts would certainly pertain to the relationship between the parties. Moreover, Pee Dee Stores moved to amend its pleadings to reflect the Settlement Agreement, which is inconsistent with its contention that the Settlement Agreement dismissed all claims.

In view of the fact that an ambiguity exists in the Settlement Agreement regarding the scope and definition of "landlord/tenant claims," this Court would have to strain to determine the parties' intention, and it is not at liberty to do so.

*See Blakeley* 266 S.C. at 73, 221 S.E.2d at 769. Thus, the parties' intention is a question of fact to be ascertained by the trier of fact. To ascertain the parties' intent, the trier of fact must look at the language of the Settlement Agreement, the circumstances known to the parties at the time, and all other pertinent extrinsic evidence.

The trial court committed reversible error in granting Pee Dee Stores' summary judgment motion and motion to compel settlement. The definition of "landlord/tenant claims" is susceptible to more than one interpretation, and therefore, the contract is ambiguous. Because of the ambiguous nature of the contract, a genuine issue of material fact exists as to whether it was the intent of the parties to extinguish Huggins' claims for civil conspiracy and unfair trade practices.[4]

## CONCLUSION

Accordingly, the trial court's order is

**REVERSED AND REMANDED.**

HUFF, J., and GOOLSBY, A.J., concur.

---

4. We decline to address Pee Dee Stores' purported sustaining grounds on appeal as our determination that the language of the Settlement Agreement is ambiguous is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (the appellate court need not address remaining issues when the disposition of other issues is dispositive).