**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Elizabeth Hughes, Appellant,

v.

Bank of America, Respondent.

Appellate Case No. 2011-191468

---

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-369
Heard May 8, 2012 – Filed June 20, 2012

---

**AFFIRMED**

---

John Robert Peace, of Greenville, for Appellant.

William Stevens Brown and Dowse Bradwell Rustin, IV,
Nelson Mullins Riley & Scarborough, LLP, of Greenville
for Respondent.

---

**PER CURIAM:** Elizabeth Hughes appeals the order of the trial court granting
summary judgment to Bank of America (the Bank) in a breach of contract action
arguing the circuit court erred because the bank used Hughes's own funds to pay
checks presented and had no right of setoff against her certificates of deposit. We

find that when Hughes presented her checks to the Bank, it had the option under its disclosure agreement to use any funds that Hughes had on deposit with the Bank to setoff against the debt and pay the checks. We affirm.

As to Hughes's argument that the trial court erred concerning the Bank's right of setoff, we find the Bank had a right of setoff against Hughes's certificates of deposit to pay the checks presented. "If the depositor is indebted to the bank, the bank has the right to offset the indebtedness by the deposit . . . ." *Lee v. Marion Nat'l Bank*, 167 S.C. 168, 200, 166 S.E. 148, 160 (1932). The agreement states that the Bank may offset funds from any or all accounts that the depositor has with the Bank.

As to Hughes's argument that the Bank transferred her funds before the overdraft was posted, we find that the order of posting did not affect the Bank's right of setoff. The agreement states that the Bank "may determine in our discretion the order that we process and post credits, debits, and holds to your account. We may credit, authorize, accept, pay, . . . in any order at our option."

"Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009). "The court is without authority to consider parties' secret intentions, and therefore words cannot be read into a contract to impart an intent unexpressed when the contract was executed." *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009).

Accordingly we find that the trial court did not err in granting Bank of America summary judgment.

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**