**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brandon Hardwick, Appellant,

v.

Brandon Jones, Respondent.

Appellate Case No. 2011-190087

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-392
Heard May 24, 2012 – Filed June 27, 2012

———————

**AFFIRMED AS MODIFIED**

———————

Akim A. Anastopoulo and Eric M. Poulin, both of Anastopoulo Law Firm, LLC, of North Charleston, for Appellant.

Margaret Mary Urbanic, of Clawson & Staubes, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Appellant Brandon Hardwick appeals the circuit court's order granting Respondent Brandon Jones' motion to enforce settlement. On appeal, Hardwick argues: (1) due process and/or public policy require that a purported settlement agreement be in writing to be enforceable; (2) the circuit court erred in

finding an oral agreement as a matter of law where triable issues of fact existed as to the sufficiency of the offer and acceptance; and (3) the circuit court erred in altering and/or adding terms to the purported agreement. We affirm as modified.

1.     As to Hardwick's due process argument, we find this issue unpreserved because Hardwick raised the issue for the first time in his Rule 59(e), SCRCP motion. *See McClurg v. Deaton*, 380 S.C. 563, 579-80, 671 S.E.2d 87, 96 (Ct. App. 2008), *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011) (holding a party may not raise an issue for the first time in a motion to reconsider, alter or amend a judgment).

2.     As to Hardwick's argument that triable issues of fact existed as to the sufficiency of the offer and acceptance, we find the circuit court did not err in finding that the parties had reached settlement. *See Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2008) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts."); *Sherman v. W & B Enterprises, Inc.*, 357 S.C. 243, 250, 592 S.E.2d 307, 310 (Ct. App. 2003) ("When the existence of a contract is questioned and the evidence either conflicts or gives rise to more than one inference, the issue of the contract's existence becomes a question for the finder of fact."). Specifically, Hardwick's demand letter constituted an offer to settle the case for the policy limits, and Jones' response letter constituted an acceptance of the offer. *See Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 439 (Ct. App. 2003) ("A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct."); *Roberts v. Gaskins*, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 1997) ("The necessary elements of a contract are an offer, acceptance, and valuable consideration."). *See also Erhardt v. Duff*, 729 So. 2d 529, 530 (Fla. Dist. Ct. App. 1999) ("[W]e hold the execution of the release was implicit as part of the tender, and not an additional element of the agreement.").

3.     As to whether the circuit court erred in altering the terms of the settlement, we affirm as modified. To the extent the circuit court's ruling can be interpreted as adding additional terms to the parties' settlement agreement, we find the only condition to the settlement agreement was that Hardwick could no longer pursue any legal action against Jones personally for injuries arising out of the May 29, 2009, accident.[1] Indeed, this condition was the consideration for Jones' acceptance of Hardwick's offer to settle.

_____

[1] Specifically, Hardwick argues Jones added additional terms and conditions to the settlement agreement when Jones listed lienholders on the settlement check that

**AFFIRMED AS MODIFIED.**

**THOMAS, PIEPER, and GEATHERS, JJ., concur.**

---

was issued after the court's original order was filed. Although the circuit court indicated at the motion to reconsider hearing that it was not going to tell Jones specifically how to write the check, its subsequent order did not specifically address this issue. Therefore, we take this opportunity to emphasize the circuit court's finding that the only term or condition to the parties' settlement agreement was that Hardwick would no longer be able to pursue Jones personally. Accordingly, Hardwick should be the only payee listed on the settlement check because no other terms or conditions to the settlement existed.