**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dealer Services Corporation, Respondent,

v.

Total, Inc. d/b/a Gault's Used Cars d/b/a Gault's Auto Parts d/b/a Gault's Used Cars and Auto Parts d/b/a Gault's Used Cars and Motormaxx; Edward Keith Potter; Michael Wayne Gault; Christopher Drye d/b/a Drye's Auto Crushing; Ben D. Kochenower, CPA; Automotive Finance Corporation; Grandsouth Bank d/b/a CarBucks; Mason Motors, Inc. d/b/a Mason Ent.; American Community Bank, a Division of Yadkin Valley Bank and Trust Company; Quick Capital, LLC d/b/a Quick Capital; and Auto Bank Floorplan, LLC, Defendants,

Of whom Total, Inc. d/b/a Gault's Used Cars d/b/a Gault's Auto Parts d/b/a Gault's Used Cars and Auto Parts d/b/a Gault's Used Cars and Motormaxx; Edward Keith Potter; and Michael Wayne Gault are the Appellants.

Appellate Case No. 2014-002467

---

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-133
Heard March 8, 2017 – Filed March 29, 2017

---

# AFFIRMED

Duane Alan Lazenby, of Lazenby Law Firm, LLC, of Spartanburg; and Ginger D. Goforth, of Ward Law Firm, of Spartanburg, both for Appellants.

Robert Fredrick Goings, of Goings Law Firm, LLC, of Columbia, for Respondent.

**PER CURIAM:** In this commercial debt collection action, Appellants Total, Inc., d/b/a Gault's Used Cars d/b/a Gault's Auto Parts d/b/a Gault's Used Cars and Auto Parts d/b/a Gault's Used Cars and Motormaxx, Edward Keith Potter, and Michael Wayne Gault argue that (1) whether Dealer Services Corporation (DSC) entered and breached the proposed settlement agreement is a genuine issue of material fact and (2) the circuit court erred in granting summary judgment in favor of DSC. We disagree and affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the circuit court's finding that no genuine issue of material fact exists as to whether DSC entered and breached any valid settlement agreement: *Maybank v. BB&T Corp.*, 416 S.C. 541, 576, 787 S.E.2d 498, 516 (2016) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language."); *Whitlock v. Stewart Title Guar. Co.*, 399 S.C. 610, 615, 732 S.E.2d 626, 628 (2012) ("Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (quoting *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009))); *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 303, 468 S.E.2d 292, 300 (1996) ("A contract may be based on a verbal understanding to which both parties have mutually assented and upon which both are acting."); *Electro Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 368, 593 S.E.2d 170, 173 (Ct. App. 2004) ("The necessary elements of a contract are offer, acceptance, and valuable consideration."); *id.* at 369, 593 S.E.2d at 173 ("Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." (quoting Restatement (Second) of Contracts § 50 (1981))); *id.* ("A typical contract contains mutual promises and is created by an acceptance constituting a return promise by the offeree."); *id.* ("Moreover, a

contract only arises when there is an actual agreement by the parties in which the parties demonstrate a mutual intent to be bound.").

2. As to whether the circuit court erred in entering summary judgment in favor of DSC: Rule 56(c), SCRCP (stating a trial court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Turner v. Milliman*, 392 S.C. 116, 121–22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009) ("Summary judgment should be granted when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ.").

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**