**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nell Barnwell Hay and Edward Barnwell, Respondents,

v.

Chauncey N. Brown-Barnwell, Janice Barnwell, Bank of New York, Trust Under Agreement Dated 12/1/01 (EQCC Trust 2001-2) and all Persons claiming any right, title, estate interest in or lien upon the real estate described, and any known heirs or persons being as a class identified as John Doe, whose true names are unknown, and any unborn infants or persons under disability being a class designated as Richard Roe, whose true names are unknown, Defendants,

Of whom Chauncey N. Brown-Barnwell and Janice Barnwell are the Appellants.

Appellate Case No. 2016-001010

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2018-UP-072
Submitted January 1, 2018 – Filed February 7, 2018

**AFFIRMED**

Chauncey Brown-Barnwell, of Brown Barnwell, P.C., of

Savannah, Georgia, for Appellant Chauncey Brown-Barnwell.

Janice Barnwell, of Beaufort, pro se.

Drake Hunter Kaiser, of Kaiser Reddick, LLC, of West Columbia, for Respondents.

---

**PER CURIAM:** In this action seeking to enforce the terms of a mediation, Chauncey Brown-Barnwell and Janice Barnwell assert the circuit court erred in enforcing the settlement agreement because (1) the agreement did not comply with Rule 43(k), SCRCP, and (2) Chauncey and Janice did not agree to the terms. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. With regard to the first argument: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

2. With regard to the second argument: *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts."); *Patricia Grand Hotel, LLC v. MacGuire Enter., Inc.*, 372 S.C. 634, 640, 643 S.E.2d 692, 695 (Ct. App. 2007) ("[T]he circuit court's role in determining the actual terms of [a] settlement agreement between the parties is similar to the court's role in interpreting the terms of a contract."); *Messer v. Messer*, 359 S.C. 614, 628, 598 S.E.2d 310, 317 (Ct. App. 2004) ("[W]here an agreement is clear and capable of legal construction, the court[']s only function is to interpret its lawful meaning and the intent of the parties as found within the agreement.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.