**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Atlantic International, Inc., d/b/a Coldwell Banker Commercial Atlantic, John W. True and Aaron B. Rowley, Appellants,

v.

IBYDIT, LLC, 1537 Ben Sawyer Blvd, LLC, Curt Nesbitt, Richard M. McColl, East Islands Real Estate, Inc., and Ashley Haynes, Individually and as Agent of East Islands Real Estate, Inc., Respondents.

Appellate Case No. 2023-001575

———————

Appeal From Charleston County
Bentley D. Price, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-047
Submitted November 1, 2024 – Filed February 5, 2025

———————

**AFFIRMED**

———————

Hal Eugene Cobb, of Cobb Hammett & Andrews, LLC, of Mount Pleasant, for Appellants.

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mount Pleasant, for Respondents 1537 Ben Sawyer Blvd, LLC, and Richard M. McColl.

Ellis Reed-Hill Lesemann, of Lesemann & Associates, LLC, of Charleston, for Respondents IBYDIT, LLC and Curt Nesbitt.

Steven Raymond Kropski, of Earhart Overstreet LLC, of Mount Pleasant, for Respondents East Islands Real Estate, Inc. and Ashley Haynes.

---

**PER CURIAM:**  This case arises out of the sale of 1537 Ben Sawyer Boulevard in Mount Pleasant (the property).  Atlantic International, Inc., John True, and Aaron Rowley (collectively, Appellants) sued the buyers, Seller, a real estate company, and a real estate agent (collectively, Respondents) for multiple causes of action.  The circuit court granted summary judgment to Respondents on all causes of action.  We affirm.

This court reviews a grant of summary judgment under the same standard applied by the circuit court under Rule 56(c), SCRCP.  *Loflin v. BMP Dev., LP*, 427 S.C. 580, 588, 832 S.E.2d 294, 298–99 (Ct. App. 2019), *aff'd as modified*, 432 S.C. 246, 851 S.E.2d 713 (2020).  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP.  "Thus, the appellate court reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."  *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009).  "However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."  *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453–54 (Ct. App. 2014) (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013)).

Appellants assert that summary judgment was premature, against all Respondents, because discovery was not complete.  They also argue summary judgment was improper against Nesbitt and IBYDIT because they did not have notice and time to defend against the motion for summary judgment.  We disagree.

> A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why

further discovery would uncover additional relevant evidence and create a genuine issue of material fact.

*Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54–55, 677 S.E.2d 32, 36 (Ct. App. 2009).  In support of their argument that discovery was not complete against all Respondents, Appellants point to their statement at the hearing that they had not received discovery from McColl and Seller.  However, Appellants filed their lawsuit on October 5, 2020, and the summary judgment hearing was held on May 30, 2023.  McColl and Seller filed their motion for summary judgment seven months before the hearing, and they state in their brief that there was no pending motion to compel against them at the time of the hearing.  Appellants have failed to demonstrate how they were deprived of a full and fair opportunity to conduct discovery from 2020 to 2023.

Likewise, Appellants have failed to demonstrate error based on time constraints in the grant of summary judgment to Nesbitt and IBYDIT.  Their argument on this issue is unsupported by authority.  *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) (holding an issue is deemed abandoned and will not be considered on appeal if the argument in the brief is unsupported by authority).

On July 13, 2022, the South Carolina Real Estate Commission (the Commission) publicly reprimanded Appellants in this same matter for violating section 40-57-135(I)(2) of the South Carolina Code (Supp. 2024).  The Commission found Appellants communicated with Respondents about the sale of the property without a listing agreement in place.  Appellants admitted they did not obtain a listing agreement and apologized and took accountability for their actions in this matter.  The Commission noted its action was necessary to protect the public from "professional ineptitude and misconduct."

Summary judgment was proper to all Respondents because Appellants' claims are precluded by their violation of section 40-57-135(I)(2), which provides in part that "[a] listing or buyer's representation agreement must be in writing and must set forth all material terms of the parties' agency relationship."  Appellants also failed to comply with section 40-57-370(E) of the South Carolina Code (Supp. 2024), which states "[n]o type of agency relationship may be assumed . . . or created orally or by implication."

No agency relationship existed between Appellants and Respondents because there was no agreement in writing.  Appellants' violation of these code sections defeats

all the allegations in their complaint.  There was no breach of contract action available against Respondents because there was no written contract or agency, implied or otherwise.  Section 40-57-370(E) does not permit implied agency relationships in the real estate setting.  Appellants argue that Haynes and East Islands interfered with Appellants' potential contractual relations.  However, as an underlying basis for this allegation in its complaint, Appellants stated contracts existed between Seller and Rowley and between Buyer and True.  As discussed above, there was no agency relationship or contract in this case.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.