0210

FIRST-CITIZENS BANK & TRUST COMPANY, as Executor and Trustee of the Estate of W. Jennings Hucks, Respondent, v. The CONWAY NATIONAL BANK and Cherokee National Life Insurance Company, Appellants.

(317 S. E. (2d) 776)

Court of Appeals

---

*Philip Wittenberg,* of *Levi & Wittenberg,* Sumter, and *Richard M. Lovelace, Jr.,* Conway, *for appellants.*

*Kaye Goreflo Hearn* and *George M. Hearn, Jr.,* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondent.*

June 25, 1984.

GOOLSBY, Judge:

This appeal by Conway National Bank (CNB) and Cherokee National Life Insurance Company (Cherokee) arises from the granting of summary judgment by the trial court in favor of First-Citizens Bank & Trust Company (First-Citizens), as Executor of the Estate of W. Jennings Hucks. We reverse and remand.

First-Citizens, as executor, repaid a sixty-day loan made to Hucks by CNB in which he was twenty days in default on the date of his death. It then brought suit against CNB and Cherokee seeking to recover under a credit life insurance policy issued by Cherokee upon an application signed by Hucks and processed by CNB at the time of the loan. All parties filed motions for summary judgment. In granting

First Citizens summary judgment, the trial court concluded as a matter of law that Cherokee's policy was in effect on the date of Huck's death.

CNB and Cherokee maintain an appeal that Cherokee's policy was not in effect on the day Hucks died because the policy term was coterminous with the stated term of the credit extended Hucks by CNB and the stated term of the credit ended twenty days before Huck's death.

As our Supreme Court noted in *Hook v. Rothstein*, 275 S. C. 187, 268 S. E. (2d) 288, 289 (1980) "summary judgment is appropriate only where it is perfectly clear that no genuine issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." Where a motion for summary judgment presents a question as to the construction of a written contract, the question is one of law if the language employed by the agreement is plain and unambiguous. 73 Am. Jur. (2d) *Summary Judgment* § 5 at 727-28 (1974). In such a case, summary judgment is proper and a trial unnecessary where the intention of the parties as to the legal effect of the contract may be gathered from the four corners of the instrument itself. *Cure v. City of Jefferson*, 380 S. W. (2d) 305 (Mo. 1964); *Bethlehem Steel Co. v. Turner Construction Co.*, 2 N.Y. (2d) 456, 161 N.Y. S. (2d) 90, 141 N.W. (2d) 590, 63 A. L. R. 1331 (1957).

The pleadings, affidavits, and exhibits establish the following material facts: on May 6, 1980, Hucks obtained an unsecured loan from CNB for $6,022.52 with a maturity date of July 5, 1980; Hucks died on July 25, 1980, never having repaid the loan; on May 6, 1980, when Hucks signed the promissory note representing the amount owed CNB, he purchased a policy of credit life insurance through CNB, agent for Cherokee, for $20.08; Hucks indicated on the loan disclosure statement, dated May 6, 1980, that he desired credit life insurance "for the term of the credit"; the loan disclosure statement designated "7/5/80" as the due date for the repayment of the "amount financed"; the policy issued by Cherokee stated that the insurance provided thereunder "shall take effect on the date shown herein and shall be automatically terminated: . . . (4) By the expiration of the term of this policy;" neither the effective date of the policy nor its expiration date was manifested upon the policy itself; the face of the policy reflected

that the term of the credit was "2 mo."; Hucks' note was dated "May 6, 1980"; and the note recited that on "July 5, 1980, after date [Hucks] promise[s] to pay to the order of THE CONWAY NATIONAL BANK . . . Six Thousand Twenty-Two and 52/100 Dollars . . . with interest from date at the rate of Fourteen per cent per annum until paid."

We agree with the trial court, and indeed the parties, that the question of whether the term of the policy included the period during which Hucks was in default raised only an issue of law and that the issue can be determined with reference to the language employed by the documents constituting the contract.

Although the effective date of the policy was nowhere set forth upon the policy itself, few would argue that it could be any date other than May 6, 1980, the date on which the note evidencing the indebtedness was given, the money loaned Hucks was received, and the loan disclosure statement was signed. The policy unequivocally stated that the term of the policy was for two months. In no place, did it suggest impliedly or otherwise that the term of the policy was for any longer period. Not surprisingly, two months from May 6, 1980, was July 5, 1980, the date on which the note was due. The term of the policy clearly did not include in this instance any period beyond the due date of the loan, irrespective of whether credit was further extended to Hucks because of CNB's forbearance or because of some other reason.

The trial court, however, pointed to the language contained in the loan disclosure statement that read, "The cost for Credit Life Insurance alone will be $20.08 for the *term* of the credit" [emphasis added] and concluded that this language meant that coverage would be provided Hucks for as long as CNB extended him credit. In reaching this conclusion, the trial court gave no consideration to the meaning of the word "term" and apparently overlooked other parts of the loan disclosure statement. The word "term" means a "fixed and definite period of time." *State ex rel. Rushford v. Meador*, 267 S. E. (2d) 169, 170 (W. Va. 1980). It "implies a period of time with some definite termination." *Rooney v. City of Omaha*, 105 Neb. 447, 181 N.W. 143, 144 (1920). As we read the loan disclosure statement, the "term of the credit" was the period of time between the date of the loan, May 6,

1980, and the date on which the note was due, July 5, 1980, and not some indefinite date thereafter. If CNB were extending credit to Hucks at the time of his death, it was doing so beyond the period fixed on the loan disclosure statement, a period identical to "term of the policy."

The granting of summary judgment to First-Citizens, then, was inappropriate. Accordingly, the order of the trial court is reversed and the matter remanded.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.