649 S.E.2d 181

**HK NEW PLAN EXCHANGE PROPERTY
OWNER I, LLC, Respondent,**

v.

**Dale A. COKER and Bradley Coker, d/b/a
Japan Karate Institute, Defendants,**

**of whom Bradley A. Coker is Appellant.**

**No. 4283.**

Court of Appeals of South Carolina.

Heard April 3, 2007.
Decided July 26, 2007.

Jay T. Gouldon and R. Spencer Roddey, both of Charleston, for Appellant.

Kirby Gould Mason, and Robert Bates Lovett, both of Savannah, Georgia, for Respondent.

BEATTY, J.

In this breach of contract action, Bradley Coker appeals the trial court's grant of summary judgment to HK New Plan Exchange Property Owner I, LLC (HK New Plan) finding a lease renewal and amendment did not release Bradley from the original lease. We reverse and remand.

## FACTS

Dale Coker, Bradley's father, provided martial arts lessons through his business, Japan Karate Institute (the Institute). Bradley worked at the Institute but was not an owner. The Institute's main location was in West Ashley. On December 28, 1998, Bradley and Dale entered into a five-year lease (the Original Lease) with Festival Centre, LLC (Festival) to rent a space at the Festival Shopping Center to house the North Charleston location of the Institute. The lease period began on March 1, 1999, and was to expire on February 29, 2004.

Around December 2001, the Institute began having problems with the floors at its North Charleston location due in part to termite damage. In April 2002, Bradley's wife, Roeman Coker, tried to mediate the problems between Dale and the leasing company. According to Roeman, the representative for the leasing company informed her that Dale would have to sign a long lease as a prerequisite to getting the floors fixed and Dale agreed to do so.

In July 2002, Bradley stopped working at the Institute. The Institute received the new lease Dale had agreed to sign. The lease arrived with Bradley's name on it. Roeman contacted the leasing company to have Bradley's name removed from the new lease and the Original Lease. After speaking with the leasing company's legal department, Roeman sent a letter to Festival requesting it remove Bradley's name from the lease because he did not have an ownership interest and was no longer employed by the Institute.

Dale and Festival subsequently executed a "Standard Lease Renewal and First Amendment" (the Amendment). The relevant provisions are as follows:

3. Tenant's Legal Name: Dale A. Coker

5. Tenant's Trade Name: Japan Karate Institute

7. The Lease: Originally dated on or about December 28, 1998 and entered into by Festival Centre, LLC, as Landlord, and Bradley Dale Coker as Tenant, to which Dale A. Coker, is successor in interest.

9. Revised Lease Term: The term of the lease is hereby extended an additional period of five (5) years commencing March 1, 2004 and expiring February 28, 2009.

The Amendment further provided:

This agreement is entered into by the Landlord and Tenant, as set forth above, and is intended to be an amendment of the Lease described above. Any provision of this amendment which is inconsistent with any provision(s) of the Lease shall supersede the provision(s) in the Lease. Also, any ambiguities and conflicts between this Amendment and the Lease shall be read in favor of the Amendment. Except as amended hereby, all other terms and conditions of the Lease shall remain in full force and effect, and the terms of this Amendment shall be fully incorporated into, and apply in addition to the terms of, the Lease.

The Amendment also stated, "This Standard Lease Renewal and Amendment shall be effective upon the execution by both Landlord and Tenant below. . . ." The tenant signature line only listed "Dale A. Coker," and he was the only party to sign as a tenant. Dale signed on September 5, 2002, and Festival signed on October 28, 2002. On December 12, 2002, Festival conveyed the shopping center to HK New Plan.

At some point, HK New Plan stopped receiving rent payments from Dale Coker. On January 25, 2005, HK New Plan filed a complaint against Dale and Bradley: alleging breach of contract for failure to pay rent; accelerating the rent due from July 1, 2003, through February 28, 2009, which amounted to $171,578.04; and requesting costs and attorney's fees. Bradley and Dale filed separate answers, and Bradley filed a motion for summary judgment. HK New Plan also filed a motion for summary judgment in which it recognized Bradley

was not liable for the rent due during the renewal period, and HK New Plan reduced its claim against Bradley to only the rent owed for the period between July 1, 2003, and February 29, 2004.

The trial court found nothing in the Amendment released Bradley from his obligation under the Original Lease or modified the Original Lease. The court determined that Bradley was bound for the full period of the Original Lease, granted HK New Plan's motion for summary judgment, and denied Bradley's motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

"The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder." *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).

In determining whether a triable issue of fact exists, the evidence and all factual inferences drawn must be viewed in a light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). Even if evidentiary facts are not disputed, summary judgment should be denied where the conclusions or inferences to be drawn from the undisputed facts conflict. *Baugus v. Wessinger*, 303 S.C. 412, 415, 401 S.E.2d 169, 171 (1991). "Summary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of law." *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). Summary judgment is a drastic remedy that should be cautiously invoked in order not to improperly deprive a litigant of a trial of the disputed factual issues. *Murray v. Holnam, Inc.*, 344 S.C. 129, 138, 542 S.E.2d 743, 747 (Ct.App.2001).

## LAW/ANALYSIS

Bradley contends the Amendment created an ambiguity, and the interpretation of the Amendment was a material question of fact for the jury. We agree.[1]

 Generally, the construction of a contract is a question of law for the court. *Soil Remediation Co. v. Nu–Way Envtl., Inc.*, 325 S.C. 231, 234, 482 S.E.2d 554, 555 (1997). Where a motion for summary judgment presents a question as to the construction of a written contract, if the language employed by the agreement is plain and unambiguous, the question is one of law. *First–Citizens Bank Trust Co. v. Conway Nat'l Bank*, 282 S.C. 303, 305, 317 S.E.2d 776, 777 (Ct.App.1984). "In such a case, summary judgment is proper and a trial unnecessary where the intention of the parties as to the legal effect of the contract may be gathered from the four corners of the instrument itself." *Id.*

 However, summary judgment is improper where the motion presents a question as to the construction of a written contract, and the contract is ambiguous because the intent of the parties can not be gathered from the four corners of the instrument. *Bishop v. Benson*, 297 S.C. 14, 17, 374 S.E.2d 517, 518–19 (Ct.App.1988). Where a contract is unclear, or is ambiguous and capable of more than one construction, the parties' intentions are matters of fact to be submitted to a jury. *Wheeler v. Globe Rutgers Fire Ins. Co. of City of N.Y.*, 125 S.C. 320, 325, 118 S.E. 609, 610 (1923). Under the parol evidence rule, extrinsic evidence is inadmissible to vary or contradict the terms of a contract. *Penton v. J.F. Cleckley Co.*, 326 S.C. 275, 280, 486 S.E.2d 742, 745 (1997). "However, if a contract is ambiguous, parol evidence is admissible to

---

1. Bradley also alternately argues that the language of the Amendment is clear that the parties intended to release him from liability and that the court erred in failing to admit parol evidence if there was an ambiguity. Because we reverse based upon the ambiguity created in the Amendment, we need not reach the alternative issues on appeal. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that the court need not rule on remaining issues when the disposition of a prior issue is dispositive of the appeal).

ascertain the true meaning and intent of the parties." *Koontz v. Thomas,* 333 S.C. 702, 709, 511 S.E.2d 407, 411 (Ct.App. 1999). An ambiguous contract is a contract capable of being understood in more than one way or a contract unclear in meaning because it expresses its purpose in an indefinite manner. *Klutts Resort Realty, Inc. v. Down'Round Dev. Corp.,* 268 S.C. 80, 89, 232 S.E.2d 20, 25 (1977).

■ We find the Amendment creates ambiguities. The Amendment lists only Dale as the tenant, refers to Dale as Bradley's "successor in interest," and has a signature line only for Dale. Despite language that any Amendment provision inconsistent with the Original Lease supersedes the Original Lease, the Amendment does not specifically state that Bradley is released from the Original Lease. Thus, a question is raised regarding the parties' intent, and the matter should be determined by a jury.

■ Further, the Amendment indicates that it becomes "effective" upon signing by the parties, but it also states that the revised lease term "commences" March 1, 2004. HK New Plan interprets the Amendment to mean that Bradley was subject to the Original Lease until March 1, 2004, and Bradley interprets it to mean that he was released immediately upon the signing of the Amendment. Because even the parties have differing interpretations of the import of the "effective" and "commencement" dates, an ambiguity was created by the Amendment.

The Amendment does not specifically state that the parties intended to release Bradley from the Original Lease, nor does it specify whether the commencement date or the effective date was significant in making Dale the sole tenant. This court need not decide whether it favors Bradley's or HK New Plan's view of the Amendment at this juncture; we need only determine whether the provision is ambiguous. *Gilliland v. Elmwood Props.,* 301 S.C. 295, 299, 391 S.E.2d 577, 579 (1990). We find the provisions in the Amendment created ambiguities that must be determined by a jury. Accordingly, the trial court erred in granting summary judgment.

## CONCLUSION

Because the Amendment is ambiguous, the trial court erred in granting summary judgment in favor of HK New Plan. Accordingly, the trial court's decision is

**REVERSED AND REMANDED.**

HUFF and KITTREDGE, JJ., concur.