**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deep Keel, LLC, Respondent,

v.

Atlantic Private Equity Group, LLC, Terry L. Rohlfing, Jerry T. Caldwell, and Bluffton Village Town Center Property Owners' Association, Defendants,

Of which Atlantic Private Equity Group, LLC, Terry L. Rohlfing, and Jerry T. Caldwell are the Appellants.

Appellate Case No. 2017-000487

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-270
Submitted May 8, 2019 – Filed July 24, 2019

———————

**AFFIRMED**

———————

Keating L. Simons, III, of Simons & Dean, of Charleston, for Appellants.

Charles S. Altman, of The Law Offices of Charles S. Altman, Meredith L. Coker, and Patrick J. Norton, all of Charleston, for Respondent.

———————

**PER CURIAM:** In this action to collect deficiency judgments, Atlantic Private Equity Group, LLC (Atlantic) appeals the master-in-equity's order granting summary judgment to Deep Keel, LLC (Deep Keel). On appeal, Atlantic argues the master erred in (1) granting summary judgment because Deep Keel's affidavits failed to meet the requirements of Rule 56(e), SCRCP, with respect to the amount of debt due on the loan and (2) construing personal guarantees to impose individual liability as opposed to joint and several liability. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. *Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014) ("In reviewing a grant of summary judgment, our appellate court applies the same standard as the trial court under Rule 56(c), SCRCP."); *id.* ("Summary judgment is proper if, viewing the evidence and inferences to be drawn therefrom in a light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."); *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.").

2. *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct. App. 2007) ("[T]he construction of a contract is a question of law for the court."); *First-Citizens Bank & Tr. Co. v. Conway Nat'l Bank*, 282 S.C. 303, 305, 317 S.E.2d 776, 777 (Ct. App. 1984) (providing when a motion for summary judgment presents a question as to the construction of a written contract, if the language employed by the agreement is plain and unambiguous, the question is one of law); *id.* ("In such a case, summary judgment is proper and a trial unnecessary whe[n] the intention of the parties as to the legal effect of the contract may be gathered from the four corners of the instrument itself."); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language."); *Jordan v. Sec. Grp., Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) ("Whe[n] the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect."); *id.* ("The [c]ourt's duty is to enforce the contract made by the parties

regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.