**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven Craig Molloy and Island Group, Inc. d/b/a Carolina Cleaning, Plaintiffs,

Of which Steven Craig Molloy is the Appellant,

v.

Beaufort County; Gary Kubic, Individually, and as Beaufort County Administrator; Josh Gruber, Individually, and as former Beaufort County In-House Attorney; Bryan Hill, Individually, and as former Beaufort County Deputy Administrator; Shannon Loper, Individually, and as Employee of the Beaufort County Parks and Leisure; Stu Rodman, as finance Chair of Beaufort County Council; Dave Thomas, Procurement Director for Beaufort County, South Carolina; Disabilities and Special Needs (Non-Profit); and Beaufort County DSN Board, Respondents.

Appellate Case No. 2018-002170

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-095
Submitted February 1, 2022 – Filed March 9, 2022

———————

**AFFIRMED**

———————

Steven Craig Molloy, of Hilton Head, pro se.

M. Dawes Cooke, Jr. and John William Fletcher, both of
Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Respondents.

_____

**PER CURIAM:**  Steven Craig Molloy appeals an order granting summary
judgment in favor of Beaufort County (the County), Gary Kubic, Josh Gruber,
Bryan Hill, Shannon Loper, Stu Rodman, Dave Thomas, the Disabilities and
Special Needs Non-Profit (DSN), and Beaufort County DSN Board (collectively,
Respondents).  In his complaint, Molloy asserted various causes of action,
including violation of procurement, bid-rigging, collusion, breach of contract,
fraud, tortious interference with contractual relation, unjust enrichment, unfair
trade practices, and conspiracy.  Molloy asserts twenty-three issues on appeal.[1]
We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We hold the master did not err by finding Molloy's tort claims were barred by
the statute of limitations because a person of common knowledge and experience
would have been on notice that a claim existed outside the two-year statute of
limitations provided by the South Carolina Torts Claims Act (SCTCA).[2]  *See*
§ 15-78-110 ("[A]ny action brought pursuant to [the SCTCA] is forever barred
unless an action is commenced within two years after the date the loss was or
should have been discovered . . . ." ); *Joubert v. S.C. Dep't of Soc. Servs.*, 341 S.C.
176, 190, 534 S.E.2d 1, 8 (Ct. App. 2000) ("The discovery rule is applicable to
actions brought under the [SCTCA]."); *Young v. S.C. Dep't of Corr.*, 333 S.C. 714,

_____

[1] Molloy also lists section 39-5-140 of the South Carolina Code (1976) as to his
ability to bring a claim under the South Carolina Unfair Trade Practices Act.  S.C.
Code Ann. §§ 39-5-10 to -160 (1976 & Supp. 2021).  We hold this argument is not
preserved for appellate review because the master did not rule on this issue, and
Molloy failed to file a Rule 59(e), SCRCP, motion requesting a ruling.  *See Wilder
Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that
an issue cannot be raised for the first time on appeal, but must have been raised to
and ruled upon by the trial judge to be preserved for appellate review."); *Elam v.
S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must*
file a [Rule 59(e) motion] when an issue or argument has been raised, but not ruled
on, in order to preserve it for appellate review." (emphasis in original)).
[2] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2021).

719, 511 S.E.2d 413, 416 (Ct. App. 1999) ("[C]ourts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist."); *Joubert*, 341 S.C. at 190, 534 S.E.2d at 8 ("Under the [SCTCA], however, the statute of limitations begins to run when the plaintiff should know that he might have a potential claim against another, not when he develops a full-blown theory of recovery."); *see, e.g.*, *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 126, 542 S.E.2d 736, 741 (Ct. App. 2001) (holding the plaintiff's loss, which triggered the statute of limitations, was the death of his wife, not the date he learned of a possible latent defect in the road).

2. We hold the master did not err by granting summary judgment because no issues of material fact existed as to Molloy's claims regarding breach of contract, bid-rigging, and violation of procurement laws, and the County acted within its authority dictated by the contract and request for proposal at issue. *See Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006) ("Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *Grimsley v. S.C. Law Enf't Div.*, 415 S.C. 33, 40, 780 S.E.2d 897, 900 (2015) ("Even though courts are required to view the facts in the light most favorable to the nonmoving party, to survive a motion for summary judgment, 'it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.'" (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))); *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct. App. 2007) ("[S]ummary judgment is proper and a trial unnecessary where the intention of the parties as to the legal effect of the contract may be gathered from the four corners of the instrument itself." (quoting *First-Citizens Bank Trust Co. v. Conway Nat'l Bank*, 282 S.C. 303, 305, 317 S.E.2d 776, 777 (Ct. App. 1984))); *BPS, Inc. v. Worthy*, 362 S.C. 319, 326, 608 S.E.2d 155, 159 (Ct. App. 2005) ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted.").

3. We hold the master did not err in failing to order additional discovery because Molloy failed to file an affidavit pursuant to Rule 56(f), SCRCP, explaining why he needed more time for discovery. *See* Rule 56(f) ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order

as is just."); *Doe ex rel. Doe v. Batson*, 345 S.C. 316, 321, 548 S.E.2d 854, 857 (2001) (finding "Rule 56(f) requires the party opposing summary judgment to at least present affidavits explaining why he needs more time for discovery").

4.  We hold the master did not abuse its discretion by granting summary judgment as to Molloy's claims regarding breach of contract and violation of procurement laws because Molloy failed to exhaust the applicable protest remedies. *See Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994) ("Whether administrative remedies must be exhausted is a matter within the [master's] sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof."); Beaufort County Code § 2-551(a) (1982) ("Any actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract under this division may protest to the purchasing director.  The protest shall be submitted in writing [fourteen] days after such aggrieved person knows or should have known of the facts giving rise thereto.").

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.