**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa Summer Rice and Joseph F. Rice, Appellants,

v.

Newberry Lions Club and Betty S. Amick as Personal Representative of the Estate of C. Ray Amick, Respondents.

Appellate Case No. 2023-001162

Appeal From Newberry County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2025-UP-139
Submitted March 3, 2025 – Filed April 23, 2025

**AFFIRMED**

Kyle B. Parker and Thomas H. Pope, III, both of Pope Parker Jenkins, P.A., of Newberry, for Appellants.

Demetri K. Koutrakos and Harry Alwyn Dixon, both of Callison Tighe & Robinson, LLC; Thornwell F. Sowell, III and Bess Jones DuRant, both of Sowell & DuRant, LLC, all of Columbia, for Respondent Betty S. Amick.

Jennifer Dowd Nichols and Samuel M. Price, Jr., both of Newberry, for Respondent Newberry Lions Club.

**PER CURIAM:** In this appeal, Lisa and Joseph Rice (the Rices) challenge the circuit court's order finding no enforceable contract existed between them and the Newberry Lions Club (NLC) and declining to set aside the deed transferring the NLC's property to C. Ray Amick.[1]

"An action to construe a contract is an action at law reviewable under an 'any evidence' standard." *Time Warner Cable v. Condo Servs., Inc.*, 381 S.C. 275, 281, 672 S.E.2d 816, 818 (Ct. App. 2009) (quoting *Pruitt v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001)). "Only 'if a contract is ambiguous, [is] parol evidence . . . admissible to ascertain the true meaning and intent of the parties.'" *Crescent Homes SC, LLC v. CJN, LLC*, 445 S.C. 164, 195, 912 S.E.2d 389, 405 (Ct. App. 2024) (first alteration in original) (quoting *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23–24, 649 S.E.2d 181, 184 (Ct. App. 2007)). "[W]he[n] the language of a purported contract clearly expresses the intent to be non-binding, the analysis is *limited to the four corners* of the document." *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 578, 762 S.E.2d 696, 701 (2014) (emphasis added).

"Before specific performance can be decreed, it is first necessary to determine whether there is a contract between the parties or not. If there is no contract, then there is nothing to enforce." *Finklea v. Carolina Farms Co.*, 196 S.C. 466, 471–72, 13 S.E.2d 596, 599 (1941) (quoting *Yawkey v. Lowndes*, 150 S.C. 493, 513, 148 S.E. 554, 560 (1929)). "In order for a contract to arise, there must be a meeting of the minds of the parties involved with regard to all essential and material terms of the agreement." *Hardaway Concrete Co. v. Hall Contracting Corp.*, 374 S.C. 216, 225, 647 S.E.2d 488, 492 (Ct. App. 2007).

In the instant case, it is clear there was no meeting of the minds between the Rices and NLC. *See Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 369, 593 S.E.2d 170, 173 (Ct. App. 2004) ("A typical contract contains mutual promises and is created by an acceptance constituting a return promise by the offeree."). After deciding to sell the property, the NLC Board of Directors elected to give adjacent landowners preliminary access to purchasing the lot with priority given to adjacent owners who were also NLC members. The initial letter

---

[1] Betty S. Amick is party to this appeal as the personal representative for Amick's estate.

plainly expresses this intent; thus, it serves as nothing more than an invitation to begin negotiations. The initial letter further invites questions from interested buyers and notifies the adjacent owners that the sale will open to the general public after June 1. Therefore, we find the Rices misconstrue the letter as a binding offer as it cannot be converted into an enforceable contract by the acceptance of another party. *See McLaurin v. Hamer*, 165 S.C. 411, 419, 164 S.E. 2, 5 (1932) ("The offer contained in the defendant's letter, . . . , was not, in our opinion, such an offer as could, by acceptance, be changed, converted or construed into a binding agreement of sale."); *id.* (holding preliminary negotiations do not constitute a meeting of the minds between parties); *Electro-Lab of Aiken*, 357 S.C. at 370, 593 S.E.2d at 174 (holding preliminary negotiations do not amount to an enforceable contract). Moreover, the Rices' alleged acceptance via their February 14 letter also falls short of binding the parties: its language specifies that it is a bid requiring notice of approval and other conditions. Accordingly, it cannot be posited that these two documents created a binding contract that finalized all the material terms of the sale.[2] *See Hendricks v. Clemson Univ.*, 353 S.C. 449, 459, 578 S.E.2d 711, 716 (2003) ("Offer and acceptance are essential to the formation of a contract.").

Based on the foregoing, we hold the circuit court properly found the Rices failed to enter into a binding contract with NLC to purchase the property; rather, they submitted a purchase offer, which NLC could either accept or reject. Therefore, the court properly declined to order specific performance of the alleged contract. *See Finklea*, 196 S.C. at 471–72, 13 S.E.2d at 599 (holding specific performance is improper when there is no contract to enforce).

We also hold the circuit court properly found the Rices failed to show they were entitled to equitable relief through promissory estoppel. NLC's initial letter made no promises to the adjacent landowners other than their right to enter negotiations for the property prior to opening the sale to the wider public. Further, the Rices suffered no detriment—they did not submit any earnest money and the lack of contract left them in the same situation as before NLC sent the initial letter. *See Cruz v. City of Columbia*, 443 S.C. 201, 205, 904 S.E.2d 451, 453 (2024) ("Born of equity, the doctrine of promissory estoppel enables a party to enforce an obligation

---

[2] Because the language of NLC's initial letter is unambiguous, this court is limited to construing only the initial letter and the Rices' February 14 letter when determining if the parties formed an enforceable contract. *See Stevens & Wilkinson of S.C., Inc.*, 409 S.C. at 578, 762 S.E.2d at 701 ("[W]he[n] the language of a purported contract clearly expresses the intent to be non-binding, the analysis is *limited to the four corners* of the document." (emphasis added)).

against another even when one of the formal requisites of a contract is missing. The doctrine is designed for the rare instance when equity's aid is necessary to prevent the rank injustice that would ensue if a party could avoid being held to a clear promise he made on which the other party foreseeably and reasonably relied to his detriment.").

Based on the foregoing, the order of the circuit court is

**AFFIRMED.**[3]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**[4]

---

[3] Because our finding regarding the existence of a contract is dispositive, we decline to address the Rices' remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *see also Royal v. Free Kindergarten Ass'n of Charleston*, Op. No. 6102 (S.C. Ct. App. Filed Feb. 19, 2025) (Howard Adv. Sh. No. 8 at 79–81) (declining to address appellant's remaining issues on appeal when its holding as to specific performance was dispositive because there was no enforceable contract).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.