**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard Young and Jason Greene, Respondents,

v.

John W. Beasley a/k/a John W. Beasley, Sr. and Lillian Beasley in their individual capacities and as Trustees or as successors in trust under the Beasley Living Trust dated August 14, 2018 and any amendments thereto, Bob Hollow Investments, LLC, Anna Pruitt, Seaside Plantation Property Owners Association, Inc., South Carolina Department of Revenue, and the United States of America by and through its agency the Internal Revenue Service, Defendants,

Of whom John W. Beasley a/k/a John W. Beasley, Sr. and Lillian Beasley in their individual capacities and as Trustees or as successors in trust under the Beasley Living Trust dated August 14, 2018 and any amendments thereto are the Appellants.

Appellate Case No. 2023-001739

———————————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————————

Unpublished Opinion No. 2026-UP-201
Heard March 12, 2026 – Filed May 6, 2026

———————————

**REVERSED**

Cheryl D. Shoun and Rhett Douglas Ricard, both of Maynard Nexsen, PC, of Charleston; and Victoria Watson Kurtz and John Clifford Johnston, both of Mt. Pleasant, all for Appellants.

Joey Randell Floyd, of Bruner Powell Wall & Mullins, LLC, of Columbia; and Lindsey Marie Behnke and Ian Douglas McVey, both of Turner Padget Graham & Laney, PA, of Columbia, all for Respondents.

**PER CURIAM:** On appeal, John Beasley, Sr. and Lillian Beasley (collectively, Appellants) argue the Master improperly granted summary judgment in favor of Richard Young and Jason Greene (collectively, Respondents) because they were released from all of the debt owed. We agree.

Between late September and early October 2017, John Beasley, Jr. borrowed a total of $640,000 from Respondents (the Loan) to fund Beasley Construction Company, LLC (Beasley Construction); Beasley, Jr. promised to repay the Loan by late October. However, he was unable to do so.[1] In November 2017, Beasley, Jr., Beasley Construction, and Appellants (collectively, Debtors) entered into the First Settlement Agreement with Respondents and agreed to become "co-Debtors" for the "settlement sum" of $647,500—$7,500 of which was to reimburse Respondents for expenses paid to prepare the settlement documents. The First Settlement Agreement required Debtors to execute a Confession of Judgment which would not be recorded unless the Debtors were unable to repay the settlement sum by November 21, 2018. The Confession of Judgment stated Debtors were indebted in the amount of $647,500 plus any accruing interest and fees.

Debtors simultaneously executed a promissory note (the Note). The Note stated that failure to pay the settlement sum by the maturity date would result in default. To secure the Note, Debtors executed "mortgages . . . in favor of [Respondents] on

---

[1] Beasley, Jr. ultimately pled guilty to wire fraud. He was ordered to pay restitution in the amount of $1,334,400. The restitution is payable to ten people, two of whom are Respondents.

the [] real property owned by one or more of the Debtors" (the Mortgage),[2] including the Appellants' home (the Subject Property). At the time the Mortgage was recorded, it was junior to a mortgage in favor of First Citizens Bank & Trust Company (First Citizens).

Debtors were unable to repay the settlement sum by the maturity date, and on May 30, 2019, Respondents filed the Confession of Judgment in Charleston County, where the Subject Property is located. In September 2019, First Citizens filed an action seeking to foreclose its mortgage on the Subject Property. Ultimately, Appellants reached an agreement with First Citizens and avoided foreclosure on the Subject Property. First Citizens filed a Satisfaction of Money Judgment on April 20, 2022.

On November 30, 2020, while the foreclosure action was pending, Respondents and Appellants signed the Second Settlement Agreement, whereby Appellants agreed to pay Respondents $50,000. The recitals section of the Second Settlement Agreement includes identical language from the First Settlement Agreement acknowledging Appellants agreed to pledge "certain collateral" to secure repayment of the Loan. Another paragraph of the recitals section explains that Respondents filed the Confession of Judgment on May 30, 2019 and refers to it as the "Judgment," which is referenced throughout the Second Settlement Agreement. One clause states that Respondents "fully release and forego all legal, equitable, and statutory remedies and processes available to them so long as" Appellants paid the $50,000 required of them.

Paragraph 2 of the Second Settlement Agreement states, "The releases hereunder shall not release any other judgment debtor, the principal balance of the judgment shall be reduced by the [s]ettlement [s]um hereof, and the [Confession of] Judgment shall remain in full force and effect as to any non-released debtor." Paragraph 4 provides, in part:

> It is understood and agreed that this Settlement and Release represents the compromise by [Respondents] and [Appellants] to resolve a variety of doubtful and disputed claims and counterclaims, and that the amounts paid and received hereunder are made solely for the purpose of ending their disagreements and to buy, sell, and exchange their individual and respective peace of mind and to

---

[2] The Mortgage is only in the name of Beasley, Sr. and Lillian.

avoid the significant costs of protracted litigation.

Paragraph 5 states, in part, "This Settlement and Release constitutes the entire agreement and understanding between [Respondents] and [Appellants], and it supersedes all prior understandings or agreements, written or oral, on the subjects contained herein, and the terms of this Settlement and Release are contractual and not mere recitals." However, Paragraph 16 states, "Except for the release of [Appellants] herein, this Settlement and Release shall not alter or amend the [First Settlement Agreement] nor the [Confession of] Judgment, which shall remain in full force and effect of record."

In December 2020, Appellants paid $50,000 to Respondents, and on March 17, 2021, Respondents filed the Release. The Release refers to Appellants as the "Released Defendants" and explains that in consideration of the payment of $50,000 "towards the reduction of the previously entered judgment," a "certain parcel of real property owned by the Released Defendants is hereby released from the lien of said judgment." The property description includes the Subject Property and one other property not listed in the First Settlement Agreement. The Release also states Appellants were "personally released from judgment in this matter" and "the judgment entered in the above-referenced matter is hereby partially satisfied." Finally, it states that "[n]othing in th[e] document shall affect or limit the rights of [Respondents] in their collective or individual pursuit of collecting the remaining balance of said judgment from any other property, real or personal, presently owned or acquired hereafter from the Remaining Defendants [(Beasley, Jr. and Beasley Construction)]."

Respondents filed a summons and complaint, seeking to foreclose on the Mortgage. Respondents ultimately moved for summary judgment, and the Master held a hearing on the motion (the Hearing). Appellants subsequently filed a motion for summary judgment. The Master then issued an order granting Respondents' motion for summary judgment. Appellants filed a Rule 59(e), SCRCP motion. The Master denied Appellants' motion for summary judgment as well as their motion to reconsider. Thereafter, the Master entered an order and judgment of foreclosure and sale of the Subject Property. This appeal followed.

We hold the Master erred in granting summary judgment in favor of Respondents. *See Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014) ("In reviewing a grant of summary judgment, our appellate court applies the same standard as the [Master] under Rule 56(c), SCRCP."); *Buonaiuto v. Town of Hilton Head Island*, 440 S.C. 144, 150, 889 S.E.2d 625, 628 (Ct. App. 2023) ("A [Master] may properly grant a motion for summary judgment when 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct. App. 2007) (finding when "a motion for summary judgment presents a question as to the construction of a written contract, if the language employed by the agreement is plain and unambiguous, the question is one of law"); *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 654, 667 S.E.2d 7, 12 (Ct. App. 2008) ("Questions of law may be decided with no particular deference to the [Master].").

We find, based on the language of the Second Settlement Agreement and the Release, the clear intention of the parties was to release Appellants from all indebtedness. *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 146-47, 538 S.E.2d 672, 675 (Ct. App. 2000) ("In determining the intention of the parties, a court first looks to the language of the contract . . . ."); *Abel v. S.C. Dep't of Health & Envtl. Control*, 419 S.C. 434, 441, 798 S.E.2d 445, 448 (Ct. App. 2017) ("The parties' intention must be gathered from the contents of the entire agreement and not from any particular clause thereof." (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 498, 649 S.E.2d 494, 502 (Ct. App. 2007)); *Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 334, 676 S.E.2d 139, 143 (Ct. App. 2009) ("When the language of a contract is clear and unambiguous, the determination of the parties' intent is a question of law for the court.").

Although we acknowledge Respondents' argument that the documents only release Appellants from the Confession of Judgment, meaning they are still obligated by the Note and Mortgage, we find the documents here clearly evince an intent to fully release Appellants from all debt owed to Respondents through all remedies. Paragraph 5 states, in part, "This Settlement and Release constitutes the entire agreement and understanding between [Respondents] and [Appellants], and it supersedes all prior understandings or agreements, written or oral, on the subjects contained herein[.]" Further, the Second Settlement Agreement precludes any claims or remedies that Respondents could bring against Appellants. Paragraph 9 states, in part, that "no claim or demand whatsoever should survive the making of [the Second Settlement Agreement] and Release under any circumstances." It also states, "Creditors fully release and forego *all* legal, equitable, and statutory *remedies* and processes available to them." The Release states, "John Beasley, Sr. and Lillian Beasley, the Released Defendants, are hereby personally released from judgment in this matter." We agree with Respondents' argument that they can

pursue multiple remedies as long as there is only one satisfaction. However, we find that Respondents chose to forego all remedies against Appellants in exchange for the $50,000 payment, thus precluding Respondents from seeking *any* further repayment from Appellants.

We find the parties' intent was to fully release Appellants, but allow Respondents to recoup the remaining balance from the remaining debtors. The Release provides that "[n]othing in th[e] document shall affect or limit the rights of [Respondents] in their collective or individual pursuit of collecting the remaining balance of said judgment *from any other property*, real or personal, presently owned or acquired hereafter from the Remaining Defendants [(Beasley, Jr. and Beasley Construction)]." Additionally, Paragraph 2 of the Second Settlement Agreement states, "The releases hereunder shall not release any other judgment debtor, the principal balance of the judgment shall be reduced by the [s]ettlement [s]um hereof, and the [Confession of] Judgment shall remain in full force and effect as to any *non-released debtor*." Paragraph 16 states, "*Except for the release of [Appellants] herein*, this Settlement and Release shall not alter or amend the [First Settlement Agreement] nor the [Confession of] Judgment, which shall remain in full force and effect of record."[3]

We hold the Second Settlement Agreement and the Release released Appellants from any debt that they owed to Respondents, with no release of the "Remaining Defendants." *See Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 171, 568 S.E.2d 361, 363 (2002) ("Basic contract law provides that when a contract is clear and unambiguous, the language alone determines the contract's force and effect."). Accordingly, we find the Master erred by granting Respondents' motion for summary judgment and by denying Appellants' motion for summary judgment. Therefore, we reverse as to all orders, including the Judgment of Foreclosure and Sale.

**REVERSED.**[4]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] We note the First Settlement Agreement required Appellants to execute the Confession of Judgment, the Note, and the Mortgage.

[4] Our holding on this issue is dispositive of the remaining issue on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).